BASILE DEMARS *vs.* MUSSER-SAUNTRY LAND, LOGGING AND MANUFACT-
URING COMPANY.

November 8, 1887.

**Contract — Consideration — Compromise of Disputed Claim.**—To con-
stitute a good consideration for the compromise of a disputed claim, it is
not necessary that the matter in dispute should be really doubtful in fact,
provided the parties *bona fide* considered it so. But there must have
been in fact a dispute or doubt as to the rights of the parties honestly en-
tertained. A party cannot create a dispute sufficient as a consideration
for a compromise, by merely refusing to pay an undisputed claim.

Plaintiff brought this action in the municipal court of Stillwater,
to recover a balance due for services rendered. The action was tried
by the court without a jury, and judgment directed for plaintiff. The
defendant appeals from an order refusing a new trial.

*Clapp & Macartney*, for appellant.

*Searles, Ewing & Gail*, for respondent.

MITCHELL, J.    Action to recover for work performed for defendant
in a logging camp. There being no evidence that any special time
of payment was fixed in the contract, plaintiff's wages would be pay-
able upon demand any time after the services were performed. But,
by way of defence, the defendant alleges that after the work was com-
pleted the parties had a disagreement as to the terms of payment
under the contract, and that thereupon they had a settlement of their
dispute, by the terms of which $67.26 of plaintiff's account should
become due at once, and the balance of $200 in 60 days after the
logs on which the work was performed should arrive in the St. Croix
boom; and that defendant paid plaintiff the $67.26, in cash, and gave
him a due-bill for the balance, payable according to the terms of their
settlement, which plaintiff accepted in full settlement of his claim,
and that the logs had not arrived in the St. Croix boom. The court
below found that there was no consideration for this alleged settle-
ment, and the only question presented on this appeal is whether this
is sustained by the evidence.

The defendant is entirely right in his law that the compromise of a disputed or doubtful claim is in itself a good consideration, and that no investigation into the character or value of the claims submitted will be gone into for the purpose of setting aside a compromise honestly made. It is sufficient if the parties entering into it thought at the time that there was a question between them. It is not even necessary that the question in dispute should be really doubtful, if the parties *bona fide* considered it so. The real consideration which each party receives under a compromise is not the sacrifice of the right, but the settlement of the dispute. But, on the other hand, it is equally true that, to constitute a good consideration for a settlement by way of compromise, there must have been an actual *bona fide* difference or dispute between the parties as to their rights. There is an entire absence of evidence in this case tending to show any such dispute. There was certainly none as to the amount of plaintiff's claim. Neither was there any as to when it was due according to the terms of the contract. Swenson, who made the alleged settlement with plaintiff, did not claim that the contract was different from what plaintiff asserted it to have been, or that by law the wages were not payable until the logs arrived in the boom. He simply asserted, according to plaintiff's statement, that he would not pay all the money because it was not "the law of the company," or, according to his own statement, because they "didn't settle that way," without giving any reason. A person cannot create a dispute sufficient as a consideration for a compromise by a mere refusal to pay an undisputed claim. That would be extortion, and not compromise. There must in fact be a dispute or doubt as to the rights of the parties honestly entertained. The evidence of this is utterly wanting in this case.

The transaction lacked another element usually found in these compromises, viz., mutual concessions. Swenson conceded nothing. He merely paid the one-fourth of the account in cash, which he had always offered to pay. Defendant catches at one expression of plaintiff as meaning that Swenson at first refused to pay "any money" until the logs arrived, but, taking his entire evidence together, this was evidently not what he meant. We might further suggest that, aside from this question of a want of consideration, there is, to say the least

of it, very slight evidence that plaintiff ever assented to the alleged settlement.   There is certainly none that he did so expressly, and the fact that, after getting the $67.26, he took back his "time certificate," which was his evidence of the time he had worked, with this so-called due-bill written upon it by Swenson, is certainly not conclusive evidence of his assent to or acceptance of its terms.

The finding of the court was abundantly sustained by the evidence, and the order denying a new trial must be affirmed.