O. P. MARION v. WILLIAM P. HEIMBACH.[1]

Oct. 15, 1895.

Nos. 9535—(16).

**Release of Debt—Partial Payment—Accord and Satisfaction.**

The payment of a part of a debt will in no case discharge the whole, without an agreement to release the balance, and an acceptance of the payment as an accord and satisfaction.

**Finding Sustained.**

Evidence considered, and *held* that the finding of the trial court, to the effect that the defendant had failed to prove his plea of accord and satisfaction, is sustained by the evidence.

Appeal by defendant from a judgment of the municipal court of Duluth, entered in pursuance of findings and order by Winje, Special Judge, and also from an order denying a motion for a new trial. Affirmed.

*J. B. Richards*, for appellant.

*Charles F. Hopkins*, for respondent.

START, C. J.   Action on contract, for wages; judgment for plaintiff for $49.82 and interest; and from an order denying a motion for a new trial, and from the judgment, the defendant appeals.

Except as to one item, of $2.80, to which we apply the maxim "de minimis," the only question in this case is whether the finding of the trial court, to the effect that the defendant's plea of accord and satisfaction was not proved, is sustained by the evidence.

The law applicable to this case is well settled.   The mere payment of a less sum than is due on a contract, in full satisfaction of the whole amount, will be no defense to an action by the creditor for the balance, although the parties agree that it shall operate as a release of the entire debt.   In such a case there is no consideration to support the creditor's promise.   Sage v. Valentine, 23 Minn. 102.   If, however, there is an actual, bona fide dispute between the parties as to the amount due, and they compromise the matter, and

[1] Reported in 64 N. W. 386.

the creditor agrees to and does accept a less sum than is actually due in satisfaction of his entire debt, it constitutes a valid consideration to support the accord and satisfaction. The mere fact that there is a dispute as to the amount due is not sufficient, for it is the mutual agreement of the parties to the terms of the compromise, and not the dispute, which furnishes the consideration for the release. The payment of a part of a debt will in no case discharge the whole, without an agreement to release the balance and an acceptance of the payment as an accord and satisfaction. Accordingly, it has been held by this court that the mere retention by a creditor of money to which he is absolutely entitled will not amount to an accord and satisfaction, although tendered or transmitted to him as payment in full of his demand. Duluth Chamber of Commerce v. Knowlton, 42 Minn. 229, 44 N. W. 2. But where the claim is unliquidated it would seem to be true that if the creditor is tendered a sum less than his claim, upon the condition that, if it is accepted, it must be in full satisfaction of his whole claim, his acceptance is an accord and satisfaction. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034.

There was no dispute between the parties as to the length of time the plaintiff worked for the defendant under a special contract, but there was a dispute as to the amount he should receive per day; the plaintiff claiming that it was $2.50, and the defendant that it was that sum when his mill was running, and $1.25 when it was not. If the plaintiff was correct, there was a balance of $117 due to him. If the defendant was correct, the balance was $62.92. The parties were the only witnesses as to the alleged settlement. They substantially agree that at their first meeting the plaintiff claimed $117 as his due, and that the defendant claimed that the amount was only $62.92, which he then offered to pay, but there is no evidence that any express conditions were attached to the offer. The plaintiff refused the offer, and went away. The next day he went to the defendant's office, and, as he testifies, told him that he would take $62.92, but that there was nothing said about a settlement; that the defendant then gave him a check for that amount; that this was all that was said about it, and he took the check. He further testified that he did not understand that this settled the account between them. The defendant's version of what took place

:at the second meeting is that the plaintiff came in, and said to him that he must be right, and that he (the plaintiff) was willing to take :a check and have a settlement of the account. The defendant further testified, in this connection: "I asked him how much he figured it up to be, and he said, 'I don't know. You have it there in your account,' and I opened my books to the very figures we had the day before, which was $62.92. * * * We sat there, and talked over the matter, * * * how foolish it was for people to get into trouble of that kind. * * * I guess we were there fully half an hour before I got up to write the check for $62.92. * * * In twenty minutes my bank account was garnished, I think, after he got his check cashed." To the question, "What was said at the time you made the check?" the defendant answered, "He thanked me for it." The trial court found that there was in fact $117 due from the defendant to the plaintiff at the time the $62.92 was paid, and the finding is not here challenged. Upon this state of the evidence, it is not so manifest that the plaintiff agreed to release his entire claim, and accepted the payment of a part of it as an accord and satisfaction, as to justify us in setting the finding of the trial court aside. On the contrary, if the plaintiff's testimony was true, —and of this the trial court was the judge,—the finding is fairly sustained by the evidence.

Order and judgment affirmed.