SJUR P. NESS v. MINNESOTA & COLORADO COMPANY.[1]

November 21, 1902.

Nos. 13,123—(100).

## Accord and Satisfaction.

There can be no accord and satisfaction of a disputed claim unless something of legal value has been received in full payment thereof, to which the creditor had no previous right.

## Payment—Consideration.

Where payment of a sum admitted to be due to a creditor for work and labor and for money paid out is made upon condition that he receipt in full for all accounts, claims, and demands, such receipt is without consideration and of no validity as to a previously existing disputed claim for damages arising out of an alleged breach of contract.

Action in the district court for Hennepin county to recover $179, and interest, for breach of contract for seventy days' employment. Defendant pleaded payment and an accord and satisfaction. The case was tried before Simpson, J., who found in favor of plaintiff for the sum of $148.50, and interest. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Alvord C. Egelston* and *Egelston & Johnson,* for appellant.

*R. J. Powell* and *A. Y. Merrill,* for respondent.

COLLINS, J.

It is undisputed that when defendant paid plaintiff, by check, the sum of $139.50, this amount was made up of three items: One, $12.50 for two and one half days' labor in the month of July under the alleged contract for seventy days' employment, which plaintiff claimed had been violated by his having been improperly and unlawfully dismissed from defendant's service; another, $124 for labor in August and September under a subsequent contract, concerning which there had been no contention; third, $3 cash paid out at defendant's request, also undisputed. Before making this payment, and as a condition thereof, defendant company demanded, and plaintiff was compelled to give, a receipt in full for all

[1] Reported in 92 N. W. 333.

claims and accounts. He had previously and at the time insisted that defendant had violated its contract to give him employment for seventy days, and that he was entitled to damages for this violation; the measure of such damages being the agreed per diem compensation, the value of his board, and cost of transportation to his home, less what he had been able to earn after his dismissal and during the balance of the time defendant had agreed to employ him.

The court below found that this receipt, in the nature of an accord and satisfaction, was wholly without consideration, and, as a consequence, of no validity. This was correct. There was no controversy at all between the parties over these items, and no difference of opinion as to plaintiff's right to recover $139.50. He had worked two and one half days prior to his dismissal, for which he had not been paid; and defendant conceded that he was entitled to $12.50 for this work, and also entitled to $124 for work subsequently performed under the second contract, and $3 for cash expended, making a total of $139.50. The only dispute was as to plaintiff's right to recover an amount, in addition to this, as damages for a breach of an alleged contract. The defendant refused to pay anything on account of this claim for damages, and paid no part of it. There was no compromise of a disputed account, and no consideration for the receipt which defendant, as a matter of fact, extorted from plaintiff as a condition for the payment of a debt admitted to be absolutely and wholly due.

As was said in Demars v. Musser-Sauntry L. L. & M. Co., 37 Minn. 418, 35 N. W. 1: "A person cannot create a dispute sufficient as a consideration for a compromise by a mere refusal to pay an undisputed claim. That would be extortion, and not compromise. There must in fact be a dispute or doubt as to the rights of the parties honestly entertained."

Here the defendant arbitrarily refused to pay its debt for the express purpose of exacting terms of the plaintiff which upon their face were inequitable and oppressive. Had there been a payment on account of the claim which was in dispute and doubt, we would have a case governed by those cited by defendant's counsel. But he fails, in citing authorities, to distinguish between the simple

payment of an admitted indebtedness, and the compromise, by part payment, of a disputed and doubted claim. That part of the receipt which acknowledged the payment of $139.50 as in full for all claims, accounts, and demands was not an accord and satisfaction, because there was no consideration for it. Duluth Chamber of Commerce v. Knowlton, 42 Minn. 229, 44 N. W. 2; Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386. There can be no accord and satisfaction of a claim unless something of legal value has been received in full payment thereof, to which the creditor had no previous right. In this particular case the plaintiff had a perfect and acknowledged right to all of the money received by him, and nothing more was paid.

An exhaustive note on accord and satisfaction by part payment is found appended to Fuller v. Kemp (N. Y.) 20 L. R. A. 785 (33 N. E. 1034). Counsel for appellant has cited and relied upon Tanner v. Merrill, 108 Mich. 58, 65 N. W. 664, and Greenlee v. Mosnat (Iowa) 90 N. W. 338. Perhaps the Michigan case—opinion by a bare majority—sustains his contention, but, if it does, we expressly decline to follow, because it is opposed to the general current of authority. In the Iowa case there was a dispute over an unliquidated claim for attorney's fees, which dispute was settled by the payment of less than the amount demanded. Obviously the case is not in point.

Order affirmed.