## ETTA BYRNES v. OLIVER BYRNES.[1]

April 29, 1904.

Nos. 13,850—(32).

**Promissory Notes—Charge to Jury.**

In 1887 respondent's intestate executed two promissory notes for $300 and $200; the first payable two, and the second three, years from date, with interest. In 1899 cash payments in amounts of $25, $50, and $400 were made, and a receipt in full for the $400 taken, which, by mistake, described the notes as executed in 1896, instead of 1887. In 1888, 1889, and 1893 appellant shipped a carload of wood respectively, to be applied in payment, no value of the wood having been agreed upon. In an action upon the notes by the administratrix of the payee the defense was interposed that they had been paid in full. *Held*, the court correctly instructed the jury as follows: "If the jury find from the evidence that at the time of the $400 payment there was a larger sum actually due, and that there was no controversy between the parties as to the amount, or that they or either of them was mistaken as to the amount then due, then a release and satisfaction of the whole debt, based upon such mistake, or in the absence of any dispute as to a larger sum being due, would not be a release or satisfaction of the unpaid portion of the debt." And,

[1] Reported in 99 N. W. 426.

further, that if a party owed another an amount about which there was no dispute 'the debtor could not liquidate the debt by paying a lesser sum than the whole amount due; and that, if the notes had not been paid in full, the plaintiff was entitled to recover the sum of $500, with interest, less the amounts paid.

Action in the district court for Sibley county by plaintiff, as administratrix of the estate of Thomas Byrnes, deceased, to recover $555, and interest, on two promissory notes. The case was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiff for $265. On motion the verdict was corrected by the court so as to read $457.47. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. H. Leeman,* for appellant.

*George D. Emery,* for respondent.

LEWIS, J.[2]

In 1887 appellant executed and delivered to respondent's intestate, Andrew Byrnes, two promissory notes—one for $200, due three years from date, and the other for $300 payable two years from date—both with interest at the rate of seven per cent. per annum until paid. Mr. Byrnes resided in Minneapolis, and died in May, 1901. This action was commenced by the administratrix to recover upon the notes, the complaint alleging that $400 had been paid on November 11, 1899. The answer admitted the execution of the notes, but alleged that they had been fully paid. Appellant testified that the notes were executed in 1887, and that he had paid thereon the sum of $25 in the spring and $50 in the fall of 1899, also $400 November 11, 1899, and that he had shipped to the payee at Minneapolis three carloads of wood in the fall of 1888, 1890, and 1893, respectively. The wood was shipped with the understanding that the proceeds thereof were to be applied upon the notes, although there is no evidence that the value was agreed upon by the parties. Appellant testified that he bought one of the cars of wood in the market for $35, and the other two were sent from his farm, amounting in all to $105. At the time of the $400 payment a receipt in full was executed by the payee, but in the body of it the notes were

[2] DOUGLAS, J., ill, took no part.

by mistake described as of date 1896, instead of 1887. There was no evidence of any other consideration for the execution of the receipt than the payments above mentioned.

The court instructed the jury as follows:

> If the jury finds from the evidence that at the time of the $400 payment there was a larger sum actually due, and that there was no controversy between the parties as to the amount, or that they or either of them was mistaken as to the amount then due, then a release and satisfaction of the whole debt, based upon such mistake, or in the absence of any dispute as to a larger sum being due, would not be a release or satisfaction of the unpaid portion of the debt.

And, further, that if a party owed another an amount about which there was no dispute, the debtor could not liquidate the debt by paying a lesser sum than the whole amount due. The court also instructed the jury that, if the notes had not been paid in full, the plaintiff was entitled to recover the sum of $500, with interest, less the amounts that had been paid. The correctness of these instructions is called into question.

It is the general rule of this state that payment of part of a liquidated debt is no satisfaction of the whole. The rule rests upon the theory that there is no consideration for the relinquishment of a part of the debt. There are exceptions, as in the case of Sage v. Valentine, 23 Minn. 102, where there was under consideration the effect of a composition contract by the creditor; and in Mason v. Campbell, 27 Minn. 54, 6 N. W. 405, where the contract was to furnish a new note for a part of the indebtedness, with sureties; and in Clark v. Abbott, 53 Minn. 88, 55 N. W. 542, where one not the debtor, nor under any legal obligation to pay, did pay less than the whole amount in consideration of an agreement on the part of the creditor to satisfy in full. The mere fact that there is a dispute as to the amount due is not sufficient, for it is the mutual agreement of the parties to the terms of the compromise, and not the dispute, which furnishes the consideration for the release, and the payment of a part of the debt will in no case discharge the whole without an agreement to release the remainder, and an acceptance of the payment as an accord and satisfaction. Marion v.

Heimbach, 62 Minn. 214, 64 N. W. 386.   None of the exceptions apply in the case under consideration.

A mistake was made in the receipt as to the date of the notes.   The actual amount due at the time of the $400 payment, less the credit already mentioned, was $766.65.   There is no evidence to support the claim that the amount due was unliquidated because the price of the wood had never been fixed, and that it was the intention of the payee to accept the three carloads of wood in full payment for the remainder, after crediting all the cash payments.   It is clear that the value of each carload of wood was to be applied in payment at the time it was shipped, and appellant himself testified as to what that value was.   It is quite certain that the receipt in full was given by the payee upon the supposition that the notes were dated in 1896 instead of 1887, and hence a large amount of interest had accumulated, which at the time was not taken into consideration.   The law was correctly applied to the case.

Order affirmed.