EINAR HOIDALE v. C. L. WOOD.[1]

October 21, 1904.

Nos. 13,709—(2).

**Accord and Satisfaction.**

> Where the amount of a debt is undisputed, the receipt of a less sum from the debtor than the whole on an agreement to discharge the entire indebtedness is not a satisfaction, and the agreement is unenforceable, being without consideration.

Appeal by plaintiff from a judgment of the district court for Brown county, entered pursuant to the findings and order of Webber, J. Affirmed.

*Hoidale & Somsen,* for appellant.
*Albert Pfaender,* for respondent.

PER CURIAM.

This action was brought in justice court to recover the sum of $8, alleged to be due upon a promissory note executed by defendant. It is admitted that the face amount of the note has been paid, and at the trial evidence was introduced tending to show that long after its maturity a dispute arose between the parties, in which defendant insisted that the obligation had been paid in full, but in compromise and settlement of the demand he then paid the sum of $5, and the holder thereof agreed to return the note. Judgment in favor of defendant in justice court was affirmed by the district court, from which the original plaintiff appeals.

The rule is well settled that, where the amount of a debt is undisputed, the receipt of a less sum from the debtor than the whole, upon an agreement to discharge the entire indebtedness, is not a satisfaction, and that such an agreement is nonenforceable, being without consideration. Clark v. Abbott, 53 Minn. 88, 55 N. W. 542. This rule was reaffirmed in Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386. It was there applied in a case in which it appeared that the amount was not agreed upon and accepted as an accord and satisfaction. The

[1] Reported in 100 N. W. 1100.

doctrine was reaffirmed by this court and the exceptions to the rule were set forth in Byrnes v. Byrnes, 92 Minn. 73, 99 N. W. 426, and cases therein cited.

The special exceptions noted in the Byrnes case do not apply here. Neither do we consider it important to inquire into the merits of the controversy which arose at the time of the alleged payment made by way of compromise. It is sufficient to say a controversy existed, which involved at that time approximately $8 ($5 of which was then paid), and that it appears the demand was mutually adjusted, and the amount stated received by plaintiff's assignor as an accord and satisfaction thereof.

Judgment affirmed.