JOE DEMEULES v. JEWEL TEA COMPANY.[1]

January 17, 1908.

Nos. 15,501—(216).

**Accord and Satisfaction—Bank Check.**

An employee deposited with his employer the sum of $150 as a bond to secure the faithful performance of his duties. Upon the termination of his employment he demanded the return of his money. The employer claimed that he had collected and misappropriated the sum of $83.66, which was denied by the employee. The employer paid the $66.34, which he admitted was due, by a check which recited that it was the return in full of the cash bond less the money wrongfully appropriated. This check was retained, and suit brought for the difference between it and the amount of the bond. *Held*, that the retention of this check for the amount which the employer admitted was due did not constitute an accord and satisfaction, as the employer yielded no part of his claim and suffered no detriment by paying only what he admitted was due and payable.

**Burden of Proof.**

The introduction of this check, with the recitals thereon, did not cast the burden upon the plaintiff to prove that he had not misappropriated the amount of money referred to in the recital. The burden remained upon the defendant to satisfy the court by a fair preponderance of the evidence that the allegation of the answer in respect to the misappropriation of money was true.

[1] Reported in 114 N. W. 733.

Action in the district court for Hennepin county to recover $83.66, balance due, and $300 for unpaid commission and salary. The case was tried before John Day Smith, J., who made findings and ordered judgment in favor of plaintiff for $63.46, and interest. From an order denying its motion to amend the findings of fact and conclusions of law or for a new trial, defendant appealed. Affirmed.

*Velikanje & Alcott,* for appellant.

*Ayers & McDonald,* for respondent.

ELLIOTT, J.

The Jewel Tea Company was engaged in the business of selling teas, coffees, and spices· in the city of Minneapolis. For some time prior to November, 1906, the respondent Demeules was employed by the company as a salesman and collector. To secure the faithful performance of his duties as such, Demeules deposited with the company a cash bond of $150, upon condition that it should be returned to him upon the termination of the employment, less any amount which might then be owing to the company for money collected and not accounted for. When the employment was terminated Demeules demanded the return of the $150. The company claimed that Demeules had failed to account for the sum of $83.66, which amount it deducted from the $150, and sent Demeules a check for the balance of $66.34. This check was retained and cashed, and after crediting the amount on the claim Demeules brought suit against the company to recover the balance. The case was tried without a jury, and the court found that on November 1, 1906, when the employment ceased, there was due the defendant, for money collected and not turned over, the sum of $20.20. After charging the plaintiff with the $66.34 paid by the check and $20.20 which had been collected, judgment was ordered against the defendant for the balance of $63.46. The court further found that the defendant offered no evidence "of failure on the part of the plaintiff in any of his duties under such deposit, except the failure to pay over the $20.20." The defendant moved for modified findings of fact and conclusions of law, which were denied, and the appeal is from an order thereafter made denying its motion for a new trial. The as-

signments of error raise two questions: (1) Accord and satisfaction; and (2) the burden of proof.

1. The check for $66.34, which was accepted and retained by Demeules, contained the following recital: "Return in full of $150.00 cash bond. Disputed and falsified balances $83.66; amount of this check, $66.34; total, $150.00." The appellant claims that the acceptance of this check with the indorsement thereon constituted an accord and satisfaction. But the evidence shows that there was no consideration for such an agreement, such as is necessary under all the authorities. Duluth Chamber of Commerce v. Knowlton, 42 Minn. 229, 44 N. W. 2; Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386; Ness v. Minnesota & Colorado Co., 87 Minn. 413, 92 N. W. 333; Byrnes v. Byrnes, 92 Minn. 73, 75, 99 N. W. 426; Hoidale v. Wood, 93 Minn. 190, 100 N. W. 1100, and cases cited in 1 Cyc. 311.

Demeules, at the time the check was sent, claimed that the company owed him $150. The company claimed that it owed but $66.34. The claim was not unliquidated in the ordinary acceptation of the term. The company paid, and Demeules accepted and applied, only what the company conceded that it owed. It therefore suffered no detriment by paying that amount. It yielded nothing, and Demeules received nothing, more than the company conceded was his due. If it, while conceding that it owed $66.34 only, had paid any greater sum whatever, it would have suffered a detriment by to that extent yielding its claim. There would then have been a consideration for the respondent's agreement to accept less than he claimed was due him. As said in Ness v. Minnesota & Colorado Co., supra: "There can be no accord and satisfaction of a disputed claim, unless something of legal value has been received in full payment thereof to which the creditor had no previous right." The company admitted that Demeules had the prior right to the $66.34 which it paid him. He therefore merely received and obtained money to which he was entitled, and this does not amount to an accord and satisfaction. Marion v. Heimbach, supra. There are cases in other states which sustain the appellant's position; but, after giving them careful consideration, we have come to the conclusion that the principle upon which they rest is inconsistent with the prior decisions of this court.

2. The complaint alleged in substance that the plaintiff had deposited the sum of $150 in cash with the defendant, to be repaid upon demand upon the termination of the employment, and that no part had been repaid, except the sum of $66, although the employment had ceased and due demand for the return of the money had been made. The answer alleged that the plaintiff had failed to account for $83.66, and that the defendant had paid the full balance of $66.34 to the plaintiff. The reply admitted the payment of the $66.34, and denied the other allegations of the answer. The controversy, then, was as to the appropriation of the $83.66. When the case came on for trial, the plaintiff rested upon the admissions in the pleadings, and the defendant proceeded to prove the allegations of the answer. It showed that the plaintiff had collected and retained $20.20, but offered no evidence as to the misappropriation of other money, except the check for $66.34, with the indorsement thereon which has been quoted. Upon this state of the evidence, the case being submitted, the court found a balance in favor of the plaintiff.

The appellant contends that the introduction of this check, with its recital, made a prima facie case of payment in full, which shifted the burden to the plaintiff to show that he had not collected and retained the $83.66 referred to in its recital. This is a misapprehension of the rule which sometimes shifts the burden of proof during a trial. The duty of going forward with evidence may shift from time to time; but the burden of persuading the trior of facts of the truth of essential allegations necessary to constitute a cause of action or defense never shifts. It is a fixed rule of law. Terryberry v. Woods, 69 Vt. 94, 37 Atl. 246; Rapp v. Sarpy, 71 Neb. 382, 98 N. W. 1042, 102 N. W. 242. A receipt in full, or a check containing recitals which are the equivalent of such a receipt, may, if unquestioned and unexplained, prove payment. It is not conclusive. In this case the evidence was all in. The check, while not sufficient to show accord and satisfaction, was evidence which tended to show that the company had paid $66.34, and that it then claimed that Demeules had collected and not accounted for $83.66. The plaintiff, when called by the defendant for cross-examination, had stated the circumstances under which he accepted the check. The evidence was all before the court, and its conclusion was

that Demeules had failed to account for $20.20 only, and we find no reason for interfering with this result.

The orders of the trial court are therefore affirmed.