FREDERICK WHERLEY v. AMANDA ROWE and Others.[1]

January 15, 1909.

Nos. 15,899—(176).

**Discharge by Part Payment.**

Part payment of the principal of an indebtedness, liquidated or capable of liquidation by calculation, will operate as a full discharge of the debt in two instances only: (1) Where there has been a compromise and settlement of a bona fide dispute as to the amount due, and the debtor pays and the creditor accepts an amount agreed upon as payment in full; and (2) where part payment is made by the debtor and accepted by the creditor in full discharge of the debt, the acceptance being based upon a new and valuable consideration.

**When Receipt is Conclusive Evidence.**

A receipt, purporting on its face to be in full payment of an indebtedness, is prima facie evidence of the fact stated therein, and, though open to explanation, conclusive, in the absence of evidence to the contrary, of complete payment of all that is due the creditor.

**Evidence.**

Evidence *held* insufficient to overcome the effect of such a receipt.

Action in the district court for Sibley county by Frederick, one of the sons of Peter Wherley, Sr., deceased, against the widow, the executrix and the children of his brother Peter, deceased, and the second husband of the widow, to have a lien on certain land, created by the will of his father and decreed by the probate court, adjudged to be paid in full and discharged of record. The facts are stated in the opinion. The case was tried before Morrison, J., who in amended findings found that Dennis Wherley had fully paid his share of the legacy to his brother Peter, that there was due from Martin Wherley on the legacy the sum of $211.80, and that plaintiff still owed the sum of $251.45, and ordered the land to be sold, if the total amount named was not paid within sixty days. From a judgment entered pursuant to the order, plaintiff appealed. Modified and new trial granted as to balance due from Martin Wherley, unless defendants consented to a reduction of the judgment.

[1] Reported in 119 N. W. 222.

*F. C. Irwin,* for appellant.

*Francis Cadwell* and *Ole Hartwick,* for respondents.

BROWN, J.

Peter Wherley, Sr., made and duly executed in his lifetime his last will and testament, by which, among other things, he devised certain land owned by him to his three sons, Frederick, Dennis, and Martin, subject to the payment by them of a legacy of $1,200 to the fourth son, Peter Wherley, Jr. In September, 1889, the senior Wherley died. His will was duly admitted to probate, and a final decree entered in accordance with its terms, assigning the real estate to the sons named, subject to the payment of the legacy, which was declared a specific lien upon the land. A copy of the decree was recorded in the office of the register of deeds. Thereafter, in August, 1900, the legatee, Peter Wherley, Jr., died intestate, and his widow was appointed administratrix of his estate. She subsequently remarried, and is now the wife of defendant A. R. Rowe.

This action was brought in May, 1907, to have satisfied and discharged of record the final decree of the probate court on the ground that the legacy had been paid in full. The question whether it had been so paid was the sole issue litigated on the trial below. The trial court found that Dennis Wherley had fully paid his share, but that there was still due from plaintiff the sum of $251.45, and from Martin Wherley the sum of $211.80. As conclusions of law the court found that plaintiff was entitled to judgment discharging from record the probate decree upon the payment by him to defendant administratrix the aggregate of the amount so found due, viz., $463.25. The court also directed a sale of the land devised to plaintiff, if he failed to pay the amount stated within sixty days from the entry of judgment. Judgment was entered accordingly, and plaintiff appealed.

The assignments of error present the following questions: (1) Whether the findings of fact are sustained by the evidence; and (2) whether the conclusions of law to the effect that defendants are entitled to a lien upon the land devised to plaintiff for the amount due from Martin Wherley are sustained by the pleadings and findings of fact. We take it from the record that the legacy to Peter was by the terms of the will and final decree of the probate court divided equally

among the sons receiving the land; each being required to pay $400. That Dennis fully paid the amount required of him is not questioned. In respect to the payment due from plaintiff, the court found, in harmony with the evidence, that he made three separate payments—one on July 19, 1891, of $112.50; one on November 20, 1892, of $40; and another on June 25, 1900, of $210. No other payments were claimed to have been made by plaintiff, but he contends that the last payment was accepted by Peter as in full of the balance due. The several payments did not, however, discharge plaintiff's obligation in full. The aggregate amount paid left a balance due of $37.50. This, with the interest accruing on the legacy from the date it was due, equals the amount found by the trial court as remaining unpaid.

1. It is not claimed that the legacy did not draw interest, and it could not well be so claimed under the authorities. 1 Sutherland, Dam. (2d Ed.) 637; Wood v. Insurance Co., 8 Wash. 427, 36 Pac. 267, 40 Am. St. 917, and note. But it is contended that, inasmuch as the last payment was accepted in full discharge of the balance due, it amounted to an accord and satisfaction, and fully released plaintiff from any further obligation under the probate decree. The record does not sustain this contention.

Part payment of the principal of an indebtedness, which is liquidated or capable of liquidation by calculation, will constitute a full discharge of the debtor's obligation in two instances only: (1) Where there has been a bona fide dispute as to the amount due, and the controversy is compromised and settled by the parties, and the debtor pays and the creditor accepts an amount agreed upon by them as in full discharge of the debt; and (2) where a part payment is made and accepted by the creditor in full, the acceptance being supported by a new consideration sufficient to support an ordinary contract. Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386; note to Fuller v. Kemp, 20 L. R. A. 785; 1 Cyc. 319. The evidence in the case at bar does not bring it within either rule.

There is no intimation in the evidence that any new consideration passed to Peter on his acceptance of the amount of plaintiff's last payment, nor was there any controversy as to the amount then unpaid, and therefore no foundation for a compromise or settlement. Indeed, no claim is made that there was a compromise or settlement of a dis-

pute of any kind. The mere fact that Peter accepted the amount as in full discharge of the legacy is not conclusive. An "acceptance" of part payment in such cases, to have any binding legal force, must be founded upon a valuable consideration. This is the settled law in this and other states. Ness v. Minnesota & C. Co., 87 Minn. 413, 92 N. W. 333; Hoidale v. Wood, 93 Minn. 190, 100 N. W. 1100; Byrnes v. Byrnes, 92 Minn. 73, 99 N. W. 426; Demeules v. Jewel Tea Co., 103 Minn. 150, 114 N. W. 733, 14 L. R. A. (N. S.) 954; Meyer v. Green, 21 Ind. App. 138, 51 N. E. 942, 69 Am. St. 344; Tanner v. Merrill, 108 Mich. 58, 65 N. W. 664, 31 L. R. A. 171, 62 Am. St. 687; 9 Cyc. 319.

2. But the payment made by Martin Wherley stands on a different basis, and we are unable to concur in the conclusion of the trial court that there remains an unpaid balance from him of the sum of $211.80, or any other amount. The payment due from Martin was made by the executrix of the estate of the senior Wherley on March 12, 1897. At the time thereof Peter signed and delivered to Martin the following receipt:

"Received Barbara Wherley, executrix of the estate of Peter Wherly, deceased, the sum of $400.00 dollars, in full payment of legacy left me by the last will and testament of my father, Peter Wherley, deceased; the above sum being the amount to be paid by brother Martin Wherley to Peter Wherley.

"Dated 12th of March, 1897.                     Peter Wherley."

The amount found due from Martin by the trial court evidently represents unpaid interest, and no doubt was based upon the theory that no part of the interest had ever been paid. We find no evidence in the record to this effect. The receipt, as will be noted, purports on its face to be "in full payment," and no evidence was produced to in any way contradict or impeach it. A receipt in full given by a creditor to his debtor is prima facie what its language indicates, viz., a complete payment of all that is due the creditor; and, though it may be contradicted, it becomes, in the absence of evidence that full payment was not in fact made, conclusive and cannot be ignored. Morris v. St. Paul & C. Ry. Co., 21 Minn. 91; Scandinavian v. Whittaker, 40 Kan. 123, 19 Pac. 330; Gleason v. Sawyer, 22 N. H. 85; New Jersey v. Mills, 26 N. J. L. 60; Riley v. New York, 96 N. Y. 331; Cunningham v. Batchelder, 32 Me. 316; 23 Am. & Eng. Enc. (2d Ed.) 985, and cases

106 M.—32

cited. In the absence, therefore, of evidence impeaching the receipt in the case at bar, the conclusion follows that Martin Wherley had paid his share of the legacy, principal and interest, in full.

3. The remaining points made by appellant require no extended mention. The question whether the legacy was barred by the statute of limitations was not in issue under the pleadings, nor, as we read the record, litigated on the trial. It cannot, therefore, be considered on this appeal. Whether the court erred in ordering the enforcement of the unpaid legacy wholly against the land decreed to plaintiff, or whether that due from Martin, if any be due, should be enforced solely against the land decreed to him, must be answered by the terms of the probate decree, which is not in the record now before us. This question can be determined on the new trial.

4. As the trial court erred in finding a balance due from Martin Wherley, there must be a new trial upon that branch of the case, unless defendants are willing to take judgment for the amount found due from plaintiff, in which case a new trial will be denied. If their acceptance of such a judgment is not indicated by a written notice filed and served within ten days after the cause is remanded, a new trial will be, and is, granted, but only upon the question whether any part of the legacy allotted for payment to Martin Wherley, principal or interest, remains due and unpaid.

The cause is therefore remanded to the court below for proceedings in harmony with the views herein expressed.