HERBERT W. ALLEN and Another v. OTTO CHARLES BATZ
and Another.[1]

November 10, 1911.

Nos. 17,262—(69).

**Release of debt.**

> The evidence does not tend to show a cancelation or release, based upon a
> consideration, of the indebtedness of defendants to plaintiffs, to recover
> which this action was brought.

Action transferred to the district court for Ramsey county to re-
cover $227.10, the balance due for the first annual premium upon an
insurance policy. Defendants in their answer alleged that at the time
of the destruction of the promissory note given in payment of the
premium, a new agreement was made, whereby the indebtedness evi-
denced by the note was canceled and defendants were to pay quarter-
ly instalments of the premium as they fell due instead of paying an-
nually. The case was tried before Brill, J., and a jury which re-
turned a verdict in favor of plaintiffs for $4.88. The court granted
plaintiffs' motion for judgment in their favor for the amount demand-
ed, notwithstanding the verdict. From the judgment entered pursu-
ant to the order, defendants appealed. Affirmed.

*Wondra & Helm* and *J. W. Pinch,* for appellants.
*H. A. Hageman,* for respondents.

BUNN, J.

Plaintiffs were copartners under the name of Allen & Eliason, and
as such were the general agents for Minnesota of the Minnesota Mu-
tual Life Insurance Company. Defendants were copartners under
the name of Batz & Kroening. In December, 1909, each defendant
applied through plaintiffs for a policy of life insurance in the Minne-
sota Company. On December 11, 1909, the policies were issued and
delivered to defendants. The aggregate amount of the annual pre-

[1] Reported in 133 N. W. 79.

miums on the two policies was $302.80. Defendants gave their note to plaintiffs for the amount, payable March 1, 1910. On January 4, 1910, defendant Kroening called on plaintiffs, paid $75.50 on account of the indebtedness, and requested the return or cancelation of the note, on the ground that they did not wish to have outstanding obligations appear on their books. Plaintiffs then destroyed the note.

The controversy is over what took place at this meeting; plaintiffs claiming that the note was destroyed simply as an accommodation to defendants, upon their promise to pay the balance of the indebtedness by March. Defendants claim that it was then agreed that they should pay the premiums quarterly, instead of annually, and that the $75.50 was paid as the first quarterly premium. It is admitted that the amount paid, though one-fourth of the annual premium, was $4.60 less than the quarterly premium would have been. It also appeared that plaintiffs gave defendants receipts for the quarterly premiums. Defendants refused to pay the balance of the indebtedness represented by the note, and refused to pay further premiums.

This action was brought to recover the indebtedness represented by the note, less the payment made. The case was tried, and the question of whether there was an agreement on January 4, 1910, canceling the note and readjusting the payment of premiums on a quarterly basis, was submitted to the jury. The jury found with defendants, returning a verdict in favor of plaintiffs for the $4.60 admittedly due and interest. Plaintiffs moved for judgment, as demanded in the complaint, notwithstanding the verdict, or for a new trial. The trial court granted the motion for judgment, and defendants appealed from the judgment entered pursuant to such order.

Did the evidence reasonably tend to show a defense to plaintiffs' claim?

It is clear that, when defendants gave their note to plaintiffs in settlement of the premiums, it constituted an indebtedness to plaintiffs as individuals, based on a valid consideration. The policies recited that the first annual premiums had been paid, and the extension of time was an accommodation by plaintiffs, not by the company. The transaction was a completed one, and the rights of the parties were fixed. Even accepting defendants' version of what occurred at the meeting

in January, it falls short of showing a release of the indebtedness. It is not disputed that plaintiffs paid the premiums, less the commissions, to the company. Defendants prove no more than that they were to pay the indebtedness to plaintiffs in quarterly instalments, which does not show a cancelation of the indebtedness and a new agreement as to the payment of premiums.

Nor was there any consideration for such a release or cancelation. Plaintiffs' claim was clear and undisputed. The substituted agreement would destroy this claim, and leave plaintiffs with no right except to their commissions on such quarterly premiums as defendants chose to pay. This would amount to no more than a commission on the first quarterly premium. In other words, it is an agreement to pay and receive in satisfaction of an undisputed indebtedness a sum much less in amount. Such an agreement is without consideration and void.

We agree with the conclusion reached by the trial court that there is no defense to plaintiffs' claim.

Judgment affirmed.