FOSTER COUNTY STATE BANK v. ALBERT J. LAMMERS and Others.[1]

February 2, 1912.

Nos. 17,451—(199).

**Part payment not an accord and satisfaction.**
    The rule that, where the amount of a debt is undisputed, the receipt of a less sum from the debtor than the whole, upon an agreement to discharge the entire debt, is not a satisfaction, because the agreement is without consideration, followed and applied.

[1] Reported in 134 N. W. 501.

---

[Note]    Payment of part of a liquidated and undisputed debt as a consideration for the discharge of the whole, see notes in 11 L.R.A.(N.S.) 1018; 21 L.R.A.(N.S.) 1005.

**Same — consideration.**

It is not a consideration for an agreement to accept a less sum in satisfaction of the whole amount due on a promissory note that the maker agrees after maturity of the note to pay such lesser sum at a place other than that specified in the note.

**Same — evidence.**

The facts pleaded and offered to be proved by defendants did not bring the case within any of the exceptions to the rule above stated.

Action in the district court for Washington county to recover $449.18, balance alleged to be due upon a promissory note. The case was tried before Stolberg, J., who, at the close of the testimony, directed a verdict in favor of plaintiff for $477.47. From an order denying the motion of the defendants other than T. F. McCue for an order setting aside the verdict and for a new trial, they appealed. Affirmed.

*Harold Harris* and *H. H. Gillen,* for appellants.
*Edwin D. Buffington,* for respondent.

BUNN, J.

This action was brought to recover from defendants a balance of $449.18 and interest on a promissory note for $3,000 executed by defendants at Minneapolis, October 8, 1909, payable sixty days after date at Carrington, North Dakota, with interest at seven per cent per annum until paid.

The defendants other than McCue answered, admitting the execution of the note, and setting up the following defense: That on February 18, 1910, defendants Savage and Kinsey paid to plaintiff at St. Paul the sum of $879.70 upon the note, and on June 14, 1910, the other answering defendants, four in number, paid to plaintiff at Stillwater, Minnesota, upon the note, the sum of $1,798.48. That these payments were made pursuant to an agreement made at the time between plaintiff and defendants by the terms of which, in consideration of the promise of plaintiff to release defendants from all further liability on the note, defendants agreed (1) to pay said sums upon said note at St. Paul and Stillwater, Minnesota, instead of at

Carrington, North Dakota, and to pay the same at the time aforesaid, instead of at some other time; (2) to procure defendant McCarthy, though insolvent, to contribute his proportionate share of the payment, and to furnish him the money therefor; (3) to procure defendant Winston to pay his proportionate share of the note, although he up to that time had refused to pay his proportionate share "on account of a dispute and a counterclaim he had to this demand against him." That plaintiff, in consideration of these promises by defendants, agreed to accept the payments so made in full satisfaction and discharge of all liabilities of the six answering defendants on the note. That said defendants fully performed the agreement on their part. That the payments were accepted by plaintiff in full payment and satisfaction of the note, and that the answering defendants were thereby discharged from any and all liability thereon.

After plaintiff had rested, defendants offered to prove these allegations of the answer. The evidence was objected to, and ruled out by the court, and a verdict directed for plaintiff for the balance of the note remaining unpaid, with interest. A motion for a new trial was denied, and defendants appealed.

1. The trial court, in excluding the evidence offered and in directing a verdict, applied the rule that where the amount of a debt is undisputed the receipt of a less sum from the debtor than the whole, upon an agreement to discharge the entire indebtedness, is not a satisfaction, and that such an agreement is not enforceable, because without consideration. It is, of course, clear that each defendant was liable to plaintiff for the full amount of the debt, and therefore that the agreement to release him from liability for the balance due would be an agreement to discharge an undisputed debt by the payment and receipt of a sum less than the whole.

Defendants urge that this rule should be repudiated by this court, and point to many forcible decisions in which the rule has been condemned as absurd, unjust, unreasonable, and false in principle. But there can be no doubt that the great weight of authority sustains the rule, and it is too well established in a long line of decisions of this court to justify us in repudiating it at this late day. Duluth Cham-

ber of Commerce v. Knowlton, 42 Minn. 229, 44 N. W. 2; Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386; Ness v. Minnesota & Colorado Co. 87 Minn. 413, 92 N. W. 333; Byrnes v. Byrnes, 92 Minn. 73, 99 N. W. 426; Hoidale v. Wood, 93 Minn. 190, 100 N. W. 1100; Demeules v. Jewel Tea Co. 103 Minn. 150, 114 N. W. 733, 14 L.R.A.(N.S.) 954, 123 Am. St. 315; First State Bank v. Schatz, 104 Minn. 425, 116 N. W. 917; Allen v. Batz, 116 Minn. 38, 133 N. W. 79.

2. Defendants contend that a consideration for plaintiff's agreement is found in the fact that defendants agreed to make the payments in Stillwater, Minnesota, instead of Carrington, North Dakota, and that therefore the case falls within a well-established exception to the rule. It is true that an agreement by the debtor, made before the maturity of the note, to pay at a place other than the place specified in the note, or at another time, is deemed a sufficient consideration for an agreement by the creditor to accept a sum less than the whole in full payment. But clearly this consideration is lacking when the note is past due. Before maturity the creditor cannot compel payment at any other time or place than those named in the note, but after maturity he is legally entitled to collect his debt wherever and whenever the debtor is found. The agreement to make the payment at Stillwater was, therefore, no more than defendants were legally bound to do, and was in fact a convenience to defendants, rather than a burden, and a loss to plaintiff, rather than an advantage.

3. The next contention is that the agreement to procure the defendant McCarthy, though insolvent, to contribute his proportionate share of the note, and to furnish him money to make the payment, is a consideration for the alleged agreement of plaintiff. We do not sustain this contention.

Plaintiff was legally entitled to collect the entire note from any one or more of the defendants, and it is not claimed that any of them were insolvent, except McCarthy. Therefore an agreement by the defendants, other than McCarthy, to induce him to pay his share, or to furnish him the money for that purpose, is not an advantage to plaintiff or a disadvantage to defendants. As far as concerns Mc-

117 M.—7.

Carthy himself, his insolvency might create an exception to the rule; but there was no offer to prove that McCarthy agreed to pay the less sum in satisfaction of the greater. The defense was pleaded as a defense of all the answering defendants, and the offer made on behalf of all. It was evidently not the intention of counsel by their pleading or the offer to make this defense on behalf of McCarthy, and, as it is clearly unavailable to the other defendants or the defendants jointly, we hold that there was no error in excluding the evidence.

4. The allegation in the answer that defendant Winston had "a dispute and a counterclaim * * * to this demand against him" is a wholly insufficient pleading of a counterclaim or set-off in that defendant's favor. It is also, in our opinion, an insufficient pleading of such a bona fide dispute or counterclaim as would bring the case within the rule that an agreement to accept a sum less than the entire claim in full payment of an unliquidated demand, or one in regard to which there is a bona fide dispute, is valid. Defendant Winston might have pleaded and proved any defense or counterclaim that he had, and he might have pleaded and proved a bona fide dispute or counterclaim in order to show a consideration for the release as to him; but we hold both pleading and offer insufficient to admit evidence of either defense. In no case could this defense avail the other defendants.

5. There is no merit in the claim that the note was canceled. One of the defendants drew pen and ink lines through the signatures of three of the defendants, but the evidence is conclusive that this was done without the knowledge or consent of the payee. Nor is there anything in the point that the payments were made to the Stillwater bank in checks instead of in cash.

We are of the opinion that the trial court correctly excluded the evidence offered and correctly directed a verdict for plaintiff.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.