## HARRIS ISAACS v. JOSEPH WISHNICK.[1]

April 13, 1917.

Nos. 20,297—(95).

**Account stated — check — evidence not conclusive.**

1. An account stated is an agreement that a statement of account between the parties is correct. The agreement may be implied, and it may be inferred where a statement is rendered by one party and acquiesced in by the other. But where the debtor renders a statement and the creditor protests that it is incorrect, his subsequent use of a check stated by the debtor to be in full payment of the account is not conclusive evidence of his agreement to an account stated.

**Compromise — accord and satisfaction.**

2. A compromise presupposes a *bona fide* dispute or doubt as to the rights of the parties and mutual concession. An agreement by the debtor to pay an amount admitted to be due is not a compromise, nor is the payment of such amount an accord and satisfaction.

Action in the municipal court of Mankato to recover a balance of $79.05 due upon a sale of merchandise and junk. The defense set up in the answer is stated in the first paragraph of the opinion. The case was tried before Plymat, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion to amend the findings and conclusions or for a new trial was denied. From

[1]Reported in 162 N. W. 297.

the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*H. L. & J. W. Schmitt,* for appellant.

*Albert Hauser,* for respondent.

HALLAM, J.

The parties entered into a contract by which plaintiff agreed to sell to defendant a quantity of pipe, old iron, rope and rags. A certain amount was delivered and payments were made. Plaintiff brought this action to recover an alleged balance of $79.05. Defendant claimed that not all of the articles charged for were delivered, that plaintiff also agreed to sell a quantity of zinc, none of which was delivered, and that defendant suffered damage in excess of the amount of plaintiff's claim. Defendant also claimed that the parties had an account stated and that he paid the amount agreed upon, and also that there was a compromise and accord and satisfaction of plaintiff's claim. The trial court ordered judgment for plaintiff for the full amount claimed. This negatived all the claims of defendant. On this appeal defendant relies mainly on his claim of account stated and of accord and satisfaction.

1. Defendant contends that the evidence is conclusive that there was an account stated. We do not agree. Defendant wrote plaintiff, giving an itemized statement of the articles he admitted receiving and stated the prices which he was willing to pay, which prices were in some instances less than the contract prices. He made this variation in prices because he claimed plaintiff held back some of the best merchandise sold. He also deducted damages for nondelivery of the zinc. The balance as shown by his letter and statement was $3.45, and he inclosed a check for that amount. When plaintiff received the letter and check, he called defendant by telephone and told him the amount was not right, but he later cashed the check.

An account stated is an agreement that a statement of account between the parties is correct. Swain v. Knapp, 34 Minn. 232, 25 N. W. 397. The agreement may be implied as well as express, and it may be inferred where the statement is rendered by one party and acquiesced in by the other. I. L. Elwood Mnfg. Co. v. Betcher, 72 Minn. 103, 75 N. W. 113; Western Newspaper Union v. Segerstrom Piano Co. 118

Minn. 230, 136 N. W. 752. But, where the debtor renders a statement of the account and the creditor protests that it is incorrect, it is needless to say there is no agreement and no account stated. The subsequent use of a check transmitted by the debtor as full payment may be some evidence of subsequent acquiescence notwithstanding his protest, but it is in no sense conclusive.

2. There was no accord and satisfaction nor compromise. The defendant paid what he admitted to be due, no more. This is not a compromise. A compromise is a contract, and like other contracts it requires a consideration. In order that there may be a valid compromise there must be a *bona fide* dispute or doubt as to the rights of the parties, and, to give to the agreement a consideration, there must be mutual concession. If there is, then payment of the amount agreed upon will constitute an accord and satisfaction of the original claim. But here the debtor paid only what he admitted to be due. This is not a compromise, nor is such payment an accord and satisfaction. Demars v. Musser-Sauntry L. L. & M. Co. 37 Minn. 418, 35 N. W. 1; Ness v. Minnesota & Colorado Co. 87 Minn. 413, 92 N. W. 333; Demeules v. Jewell Tea Co. 103 Minn. 150, 114 N. W. 733, 14 L.R.A.(N.S.) 954, 123 Am. St. 315. Nor will the mere retention by the creditor of money which he is beyond dispute entitled to receive, amount to an accord and satisfaction, even though it is stated by the debtor to be payment in full of the demand. Duluth Chamber of Commerce v. Knowlton, 42 Minn. 229, 44 N. W. 2.

Judgment affirmed.