## THOMPSON YARDS, INC. v. WILLIAM A. JASTROW AND ANOTHER.[1]

May 22, 1925.

No. 24,674.

**Retention of check not an accord and satisfaction.**

A debtor gave his creditor a check bearing a notation "Pd in full for building material." The creditor retained the check. The amount of it was concededly owing. The creditor claimed a small sum additional for two items of material furnished after the items making up the amount of the check. The debtor did not admit this amount, claimed that he did not order the materials, but said he would pay it if he owed it. There was no disputed amount included in the check, and no settlement or compromise of the additional amount claimed by the creditor. It is *held* that there was not an accord and satisfaction.

1. See Accord and Satisfaction, 1 C. J. p. 561, § 84; p. 564, § 90; Compromise and Settlement, 12 C. J. p. 321, § 11.

---

1. See notes in 14 L. R. A. (N. S.) 443; 27 L. R. A. (N. S.) 439. 1 R. C. L. p. 196, et seq.; 1 R. C. L. Supp. p. 61; 4 R. C. L. Supp. p. 11.

Action in the district court for Ramsey county. The case was tried before Hanft, J., who found defendant Jefferson was not entitled to a lien against the premises and defendants Jastrow were entitled to judgment against him for their costs and disbursements.

[1]Reported in 203 N. W. 960.

A. C. Jefferson appealed from an order denying his motion for a new trial. Reversed.

*George B. Spencer*, for appellant.

*R. F. Schroeder*, for respondents.

DIBELL, J.

Action to foreclose a mechanic's lien. The issue is between Jefferson, a lien claimant, and Jastrow, the land owner. There were findings for Jastrow, and Jefferson appeals from the order denying his motion for a new trial.

Jefferson furnished material for Jastrow's building between July 8, 1922, and September 13, 1922. He claims a total of $736.09. Jastrow claims an accord and satisfaction. In September he received a bill for $717. There were two later items claimed by Jefferson aggregating $19.09. On November 25, 1922, Jastrow came to pay with a check of $717 on which was written: "Pd in full for lumber material." Jefferson explained that there were two items aggregating $19.09, furnished since the September bill, and noted them on the bill, gave credit for the $717, leaving the balance of $19.09. Jastrow did not concede this balance. He said that he had not ordered anything since the $717 bill; that he was paying the bill in full; that if there were extras it would have to be taken up with his contractor, and "if they were against me I would pay them. * * * If I owed it I would pay it." Jastrow said much more, along the same line. He was entirely honest and frank. There was no thought of paying a disputed bill of $736.09 with the check of $717. Jefferson was as a matter of right entitled to the $717. Jastrow conceded it. There was no settlement or compromise of this item. Nor was there a compromise of the $19.09. Jefferson did not make a gift of it to Jastrow. It was left unpaid and unsettled.

The notation on the check and its retention by Jefferson did not make an accord and satisfaction. The amount of the check was owing. There was no consideration for an accord and satisfaction. Demeules v. Jewel Tea Co. 103 Minn. 150, 114 N. W. 733, 14 L. R. A. (N. S.) 954, 123 Am. St. 315; Duluth Chamber of Commerce v. Knowlton, 42 Minn. 229, 44 N. W. 2. In both of these cases there

was a notation indicating payment in full. The case of Beck Elec. Const. Co. v. National Cont. Co. 143 Minn. 190, 173 N. W. 413, held to involve an accord and satisfaction, is distinguished by the presence of a disputed claim. The check was stated to be "in payment of contract in full," and "if not correct, return, without alteration, stating differences." The creditor erased the words "in full" and used the check. The acceptance of the check under such circumstances constituted an accord and satisfaction. Other cases which may be noted are DeMars v. Musser-Sauntry L. L. & M. Co. 37 Minn. 418, 35 N. W. 1; Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386; Ness v. Minnesota & Colorado Co. 87 Minn. 413, 92 N. W. 333; Hillestad v. Lee, 91 Minn. 335, 97 N. W. 1055; Hoidale v. Wood, 93 Minn. 190, 100 N. W. 1100; Foster County State Bank v. Lammers, 117 Minn. 94, 134 N. W. 501; Isaacs v. Wishnick, 136 Minn. 317, 162 N. W. 297; La Moure Co. v. Cuyuna M. L. I. Co. 147 Minn. 433, 180 N. W. 540. And see Dun. Dig. § 34, et seq.; Hunt, Acc. & S. § 21, et seq.; 1 C. J. 527; 1 R. C. L. 183, et seq; 9 Minn. L. R. 458.

The trial was upon the theory that the lien claimant had a right of recovery unless there was an accord and satisfaction. As a matter of law there was none.

Order reversed.