## GUS HOHAG v. NORTHLAND PINE COMPANY AND OTHERS.[1]

October 15, 1920.

No. 21,872.

**Mortgage—lien of preferred creditor not waived by assent to foreclosure sale at less than total of claims.**

A deed of trust, to secure the bonds of numerous creditors including plaintiff, provided that the claim of plaintiff should be a first lien and be preferred in payment from whatsoever source or manner paid. On default, the trustee, at the written direction of the creditors, including plaintiff, foreclosed and bid in the property for less than the amount of all claims and later sold the property for a still smaller amount. *Held:* Plaintiff's priority of claim was impressed on the property bid in and his right of priority was not waived by his assent to a foreclosure sale for less than the amount of all claims.

Action in the district court for Hennepin county to recover $25,000 to be paid out of a fund of $56,000 in the control of defendant Minneapolis Trust Company. The separate answers of defendants set up the agreement mentioned in the first paragraph of the opinion. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff. From that part of the judgment entered pursuant to the order for judgment which reads: "That plaintiff recover herein against said Minneapolis Trust Company, trustee, the further sum of '$25,087.50' out of the aggregate shares of the defendants Northland

[1]Reported in 179 N. W. 485.

Pine Company, Ingvoldstad Lumber Company, Warner Hardware Company, Friederick & Barnard, Hanlon & Oakes, Paust & Cook and Sperry Realty Company, as found in paragraph 3 of the original findings herein," and "that out of the aggregate shares of said defendants Northland Pine Company, * * * as aforesaid, after said first payment to plaintiff of '$25,087.50' therefrom, the said last named defendants are entitled only to the balance of the fund represented by said shares, towit, the sum of $2,950.03,'" defendants appealed.  Affirmed.

*Elijah Barton,* for appellants.

*J. M. Pulliam* and *J. H. Green,* for respondent.


HALLAM, J.

In April, 1915, the Twin City Motor Speedway Company contracted to buy from plaintiff 80 acres of land for $40,000.  In January, 1916, there remained due on the contract about $25,000.  In the meantime the speedway company had expended large sums in construction of a speedway upon said land and was indebted to numerous other creditors in an amount, including plaintiff's claim, aggregating about $350,000.  On January 16, 1916, pursuant to mutual agreement, the speedway company, to adjust the indebtedness, issued its bonds in the amount of $350,000, and executed and delivered to the Minneapolis Trust Company a deed of trust to secure the bonds.  The creditors, including plaintiff, accepted these bonds in payment of their claims, and, to induce plaintiff to convey the land and to discharge his purchase money lien thereon, the parties entered into an agreement that the claim of plaintiff for the purchase money, and the bonds which should be issued to him, should "be and remain a first lien upon said premises and be preferred in payment from whatsoever source or manner paid, to their and each of their respective bonds," and, to further assure such priority, it was agreed that if any bonds issued to the general creditors should be selected for retirement under a certain provision of the trust deed, bonds issued to plaintiff in like sum should be substituted and paid in place thereof.

Default occurred in the terms of the trust deed and the trust company foreclosed by action.  Prior to the sale, plaintiff and certain of the other bondholders joined in a request in writing that the trust company

bid in the property at the sale for the bondholders for $250,000, unless a cash bid for that sum or more should be received. No such bid being received, the trust company bid in the property for the bondholders for $250,000. Thereafter the trust company negotiated a sale of the property for $56,300, and the sale was confirmed by the court. Plaintiff then commenced this action to require payment of his claim in full out of said fund, and the trial court gave him judgment according to the demand of his complaint. Defendants, other bondholders, appeal.

In our opinion the trial court was right. It is perfectly competent for bondholders, whose bonds are secured by a single mortgage or trust deed, to agree among themselves that one shall have priority over the rest, Wilson v. Eigenbrodt, 30 Minn. 4, 3 N. W. 907; Hall v. McCormick, 31 Minn. 280, 17 N. W. 620; Plymouth Cordage Co. v. Seymour, 67 Minn. 311, 69 N. W. 1079; 27 Cyc. 1763; 3 Jones, Mortgages, § 1702, and this necessarily means that in the event of foreclosure sale for an amount insufficient to pay the whole, the priority claim shall first be paid.

Had the trust property in this case been sold at foreclosure sale to a cash purchaser, there would be little or no room for doubt that plaintiff would have been entitled to full payment of his claim. If we for a moment eliminate the element of consent by plaintiff to the bid at the sale, there would seem to be no trouble in holding that plaintiff was likewise entitled to priority out of the proceeds of the foreclosed property. Where a trustee in a trust deed represents two parties with unequal interest, and, in the absence of action on their part disparaging their interest, he forecloses the trust deed and bids in the property as trustee, surely the same relative interests of the beneficiaries are impressed on the property so bid in, whether the disproportion of interest is in matter of amount or of priority.

The question then arises: Did plaintiff, by consenting that the trustee bid in the property for less than the amount of all the claims, waive the undoubted right of priority which he then had?

Bearing in mind that "waiver is either the result of an intentional relinquishment of a known right or an estoppel from enforcing it," Parsons, Rich & Co. v. Lane, 97 Minn. 98-105, 106 N. W. 485, 488, 17 Ann. Cas. 1114, we are unable to find evidence of waiver here. With due

respect for the earnest and sincere argument of defendant's counsel, we are of the opinion that the result arrived at by the trial court is in accordance with the real intention of the parties and with the equities of the case.

Judgment affirmed.