## C. W. LA MOURE COMPANY A PARTNERSHIP COMPOSED OF C. W. LA MOURE AND C. C. BRONSON v. CUYUNA-MILLE LACS IRON COMPANY.[1]

### December 24, 1920.

### No. 21,993.

**Appeal and error—sufficiency of evidence to sustain verdict.**

1. It is the function of the jury to weigh the evidence. When its sufficiency to support their verdict is challenged on appeal, this court examines it only to ascertain whether it fairly tends to sustain the jury's conclusions. The evidence set out in the opinion justified the verdict.

**Accord and satisfaction—retention of money paid.**

2. A bona fide dispute and mutual concessions are the usual elements of a valid accord and satisfaction or compromise and settlement. Payment of a part of a debt does not discharge the whole without an agreement to release the balance, coupled with an acceptance of the payment as an accord and satisfaction. The mere retention of money, which one of the parties is entitled to receive unconditionally, does not amount to a compromise and settlement, even though the money is paid or tendered in full satisfaction of the claim.

**Charge to jury.**

3. The court correctly instructed the jury that, if they found for plaintiffs, the verdict must be for the full amount of their claim.

Action in the district court for Crow Wing county to recover $1,037.72 on a sale of seven carloads of mining timber. The defense is stated in the first paragraph of the opinion. The case was tried before Wright,

[1]Reported in 180 N. W. 540.

J., who at the close of the testimony denied defendant's motion for a directed verdict and a jury which returned a verdict for $766.24. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Fryberger, Fulton, Hoshour & Ziesmer,* for appellant.

*Alderman & Clark,* for respondents.

LEES, C.

Defendant appeals from an order denying its motion for judgment notwithstanding a verdict for plaintiffs or for a new trial. The action was brought to recover on a sale of mining timbers. Defendant admitted the sale and as a defense alleged that part of the timber delivered was not of the dimensions specified in the contract of sale; that it had, therefore, refused to accept it; that a dispute arose as a consequence, whereupon defendant tendered a sum of money in full settlement of plaintiffs' claim; that the amount tendered was accepted and that there had been a full accord and satisfaction as respects the claim sued upon. The reply was a denial of the alleged settlement. At the conclusion of the evidence defendant moved for a directed verdict on the ground that it appeared conclusively that there had been an accord and satisfaction. The motion was denied. The jury were instructed in substance that plaintiffs were entitled to a verdict for all they claimed or nothing.

Defendant assigns error in three particulars: In the admission of evidence relating to the measurement of the timber; in the denial of its motion for a directed verdict, and in the instruction that plaintiffs were entitled to recover all they claimed or nothing.

1. In all there were eight carloads of timber. When the first carload was received, defendant's employees at the mine reported to the Duluth office that there were 206 pieces of undersized timber in the lot. Plaintiffs were notified and admitted that 25 or 30 sticks of 6-inch timber had been put in the car. Settlement was finally made on the basis of defendant's claim. No controversy over that carload is involved in this appeal. When settlement for the first carload was made, defendant proposed to pay certain sums, which were less than the contract price, for timbers under 7 inches in diameter. Plaintiffs accepted

payment on the basis proposed.   Defendant paid for the seven carloads at the contract rate for so much of the timber as it admitted to be of the required size, and for the remainder, at the same rate as it paid for the undersized timber in the first carload.   This action was then brought on the theory that all of the timber was of the size specified in the contract and that defendant had wrongfully withheld part of the contract price.

Plaintiffs failed to produce their books at the trial.   In giving testimony to prove that all the timber was 7-inch stuff, they consulted statements they had received from defendant and testified that every stick listed was at least 7 inches through at the top.   They called two of the farmers, from whom they had purchased the greater portion of the timber, whose testimony was that they measured it as they delivered it, and that every piece had a 7-inch top.   Plaintiffs' measurements were made when they bought the timber.   They did not measure it when it was loaded on the cars.   They put it in a separate pile in their yard and the cars were loaded from the pile.   They testified that as they purchased it they were careful to cull out all that was undersized because of the trouble they had over the first car.   That car was loaded in January, the others in February, and the timber was purchased during the months of December, January and February.

There is a weak spot in this testimony to which defendant devotes considerable attention.   On January 30 defendant wrote that the first car contained much undersized stuff.   Some of the timber was purchased prior to that date.   How much of it there was, does not appear. On February 15 plaintiffs began to load the other cars.   It may be inferred that most of the timber loaded on the seven cars was bought before February 1.   The testimony about measurements was not directly connected up with any timber that was purchased prior to that date. Nevertheless the fact remains that plaintiffs were positive in their statement that only 7-inch timber was loaded on any of the cars after the first.   Defendant's employees measured the timber when they unloaded it at the mine at Ironton, using a notched pole.   They kept a record in a book produced at the trial.   Their testimony was that part of each carload was undersized.   Plaintiffs had used a log rule in making their measurements.   It is urged that the use of such a rule was

likely to lead to greater accuracy than was possible in measuring with the pole defendant used. We have referred to the testimony sufficiently to show that it presented a clear cut question of fact for the jury. Defendant's counsel contend vigorously that plaintiffs failed to establish their case by a preponderance of the evidence. We cannot so hold. It is the function of the jury to weigh evidence; ours is to examine it to ascertain whether it fairly tends to sustain the conclusion the jury reached after they had weighed it. We conclude that plaintiffs produced sufficient evidence to support the verdict in their favor.

2. Defendant rendered statements to plaintiffs showing the quantity and size of the timber in each car. At the bottom of each statement it had a printed form of receipt in full for the amount it owed according to the statement, with a request that the voucher be signed and returned without delay. A check for the amount due, according to each statement, was drawn, and the statements and checks were mailed to plaintiffs, who took the checks and cashed them, but did not sign or return the vouchers. They promptly requested a further statement. Apparently defendant rechecked its account with them and reported that it had overpaid the account. It debited plaintiffs with the amount of the alleged overpayment, deducting it from a remittance made on another account. Defendant contends that these acts amounted to an accord and satisfaction or compromise and settlement of the entire claim, including the portion of it now sued on.

The distinction between an accord and satisfaction and a compromise and settlement has not been clearly drawn in the reported cases. In some there has been an interchangeable use of the terms. See City of San Juan v. St. John's Gas Co. 195 U. S. 510, 25 Sup. Ct. 108, 49 L. ed. 299, 1 Ann. Cas. 796; Shubert v. Rosenberger, 204 Fed. 934, 123 C. C. A. 256, 45 L.R.A.(N.S.) 1062. The facts above stated do not make out a case of either. The law is well settled by previous decisions of this court.

Mutual concessions are usually elements of all accords and compromises. Demars v. Musser-Sauntry L. L. & Mnfg. Co. 37 Minn. 418, 35 N. W. 1. Here the defendant conceded nothing. It merely paid what it admitted it owed.

Something of value must have been received to which the creditor

had no previous right. Ness v. Minn. & Colo. Co. 87 Minn. 413, 92 N. W. 333; Demeules v. Jewel Tea Co. 103 Minn. 150, 114 N. W. 733, 14 L.R.A.(N.S.) 954, 123 Am. St. 315. There was nothing received by plaintiffs to which they had no right.

Payment of a part of a debt will not discharge the whole without an agreement to release the balance and an acceptance of the payment as an accord and satisfaction. Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386; Byrnes v. Byrnes, 92 Minn. 73, 99 N. W. 426. In the present case there was no acceptance of the checks as a satisfaction of plaintiff's claim.

The mere retention of money which one of the parties was entitled to receive unconditionally does not amount to a compromise and settlement, even though the money is paid or tendered in full satisfaction of the claim. Duluth Chamber of Commerce v. Knowlton, 42 Minn. 229, 44 N. W. 2.

There must have been a bona fide dispute between the parties. Demars v. Musser-Sauntry L. L. & Mnfg. Co. supra; Isaacs v. Wishnick, 136 Minn. 317, 162 N. W. 297. There was no such dispute in the case at bar. There was no controversy over the size or price of the timber for which the checks were given. The only dispute there was, concerned plaintiffs' right to be paid at the contract price for the timber alleged to have been undersized, and it arose after and not before the alleged settlement was made and is the very occasion of this litigation.

Beck Electric Const. Co. v. National Cont. Co. 143 Minn. 190, 173 N. W. 413, is clearly distinguishable. There the check was tendered as payment in full of a disputed claim and, as the court remarked, "there was a bona fide dispute as to the amount due."

3. Plaintiffs were either entitled to recover the amount claimed in their testimony or were not entitled to recover at all. The court did not err in instructing the jury accordingly.

We are of the opinion that defendant's motion for a new trial was properly denied, and hence the order is affirmed.