## JOHN A. STEES COMPANY v. LUCIAN EDMUND WILLIS AND ANOTHER.[1]

January 20, 1922.

No. 22,570.

**Convincing evidence necessary for cancelation of written contract.**

1. The rule that to justify setting aside a written contract and holding it as abandoned or substituted by a subsequent parol contract at variance with its written terms the evidence must be clear and convincing, followed and applied.

**Evidence insufficient to prove abandonment of lease.**

2. The evidence is *held* insufficient to show the abandonment of a written lease containing a chattel mortgage clause pledging the fixtures of the tenant as security for the rent due and to become due.

Action in the municipal court of St. Paul to recover possession of certain personal property or for $450 the value thereof. The case was tried before Finehout, J., who at the close of the testimony denied motions for directed verdicts, and a jury which returned a verdict in favor of defendant. From an order denying its motion

[1]Reported in 186 N. W. 391.

for judgment notwithstanding the verdict or for a new trial, plain-
tiff appealed.  Reversed.

*Harold Harris*, for appellant.

*Hammond Turner*, for respondents.


BROWN, C. J.

Action in claim and delivery for the possession of certain per-
sonal property in which defendant had a verdict and plaintiff ap-
pealed from an order denying a new trial.

It appears that in May, 1916, plaintiff leased and let certain prem-
ises owned by it and known as 30 East Fourth street in the city of
St. Paul to Thomas Steele for a term of one year at the agreed
rental of $1,200, payable in equal monthly instalments.  The prem-
ises were to be occupied as a pool hall and barber shop.  The lease
was in writing, and, in addition to the conditions and stipulations
usually found in such instruments, contained provisions by which
the lessee mortgaged to the lessor to secure the payment of the
stipulated rent all and singular the property and effects taken into
the building and forming the equipment of the business to be con-
ducted therein by the lessee.  Provision was also made therein for
the foreclosure of the mortgage in case of default in the payment of
the stipulated rent.  Steele took possession of the premises under
the lease, and at the expiration of the term secured an extension
thereof for another year.  In September, 1917, he assigned the lease,
and sold the mortgaged chattels to Joseph W. Reed and Nelson O.
Thompson.  The assignment, as well as the sale of the mortgaged
property, was consented to by plaintiff, the lessor, reserving all
rights granted by the lease.  Reed & Thompson entered into posses-
sion under that assignment and transfer, and subject to the rights
of plaintiff under the mortgage clause of the lease.  The lease, the
renewal and the assignment to Reed & Thompson, were duly filed
in the proper office on November 25, 1918.  Reed subsequently ac-
quired the rights of Thompson, and on March 10, 1919, assigned and
transferred all his leasehold rights together with the mortgaged
property to defendant Willis, who immediately took possession of
the premises and of the personal property.  He thereafter retained

the possession thereof until May, 1920, when he vacated the premises, taking with him all the mortgaged property.

At the time of the assignment and transfer by Reed to defendant, Reed was indebted to plaintiff for unpaid rent in at least the sum of $145. Plaintiff demanded the personal property for the purposes of a foreclosure of its mortgage for the unpaid rent. Defendant refused to surrender it and this action followed.

On the facts stated, unexplained, there can be no doubt of the right of plaintiff to the possession of the mortgaged property for the purpose of a foreclosure of the mortgage. Minnesota L. O. Co. v. Maginnis, 32 Minn. 193, 20 N. W. 85. But defendant contends that subsequent to the assignment of the lease to Reed & Thompson, and after Reed had succeeded to the rights of Thompson, plaintiff and Reed entered into negotiations looking to an extension of the term of the lease, upon certain conditions respecting repairs and a change in the amount of rent to be paid in the future, as a result of which the original lease, with chattel mortgage provisions, became substituted by a new contract, thereby releasing the personal property from the lien of the mortgage. Plaintiff disputed that claim, and insisted on the trial that the original lease remains in full force and effect. The trial court submitted the issue to the jury, and a verdict thereon was returned in favor of defendant.

The assignments of error challenge the sufficiency of the evidence to sustain the verdict.

We have considered the record with care and find therein no evidence to justify the conclusion that there was either an abandonment of the lease or a substitution thereof by the alleged parol agreement as claimed by defendant. The rule controlling the question is that stated in Northwestern F. & M. Ins. Co. v. Connecticut F. Ins. Co. 105 Minn. 483, 117 N. W. 825, to the effect that a parol modification or abandonment of a written contract must be clearly made to appear and not left in doubt or conjecture. In this case the burden to show the change was upon defendant, for he asserts it, and he was required to establish the essential fact that the minds of the parties met upon a modification by clear and convincing evidence. I Dunnell, Minn. Dig. § 1202. The evidence falls far short

of meeting the rule. The only controversy between Reed and plaintiff, the only matter adjusted by them, had reference to certain repairs upon the premises which defendant demanded or requested be made. Defendant offered to make them on condition that the rent be reduced to $75 per month. But it was finally agreed that plaintiff would make them and that the rent should remain at $100 per month. Nothing was said about releasing the mortgage security, and it was not in fact released by any instrument executed for the purpose. Clearly rights granted by solemnly written contracts should not thus easily be destroyed or taken away. The case is one as applied to the relations here existing, where there is a holding over by the tenant under parol arrangements as to repairs and future rent, leaving the obligations of the original contract of leasing in full force and effect. Slater v. Siddall, 97 Minn. 291, 106 N. W. 308.

The evidence being wholly insufficient to establish the asserted release of the mortgage provisions of the lease, the verdict is manifestly wrong and cannot stand, and the order appealed from must be reversed. The record contains no suggestion that a better case could be made on another trial, therefore judgment should be granted plaintiff notwithstanding the verdict of the jury.

It is so ordered.