OTTO KUEFFNER v. JAMES W. HANLON.[1]

October 2, 1931.

No. 28,609.

*Keller, Broady & Chapin,* for appellant.
*Kueffner & Marks,* for respondent.

LORING, J.

Plaintiff leased to defendant a lower duplex in the city of St. Paul at a stated yearly rental, payable monthly, for the term of 12 months from September 1, 1928, with a further provision that the lease was to continue in force for another year unless defendant

[1]Reported in 238 N. W. 161.

should notify the plaintiff at least 45 days before the expiration of the first year that he intended to vacate the premises at the expiration of that year. Defendant remained in possession until May 3, 1930. This suit is brought to recover the rent from May 1, 1930, to September 1, 1930. The trial court directed a verdict for the plaintiff for the relief sought. Defendant moved for a new trial and appealed from the order denying it.

The defendant's case rests upon a conversation his wife had with plaintiff in April of 1929 in which defendant claims his wife gave notice that they intended to vacate at the end of the first year. Defendant was asking for certain repairs to the premises and claims that plaintiff was unwilling to make them unless defendant would sign an indorsement on the lease unconditionally extending it until September, 1930. This indorsement the defendant refused to sign, and his wife returned it to plaintiff. It was then that the defendant asserts the conversation in question took place. The record is very brief, and in the defendant's testimony there are only three references to the conversation. Defendant's wife on her examination in chief said: "Yes, they came back to get the lease and I told them Mr. Hanlon wasn't sure about being in town, that he couldn't sign it so far ahead." On cross-examination she said that this was the only conversation she had with plaintiff.

This falls far short of a modification of the lease or a notice to plaintiff that defendant would vacate at the end of the first year. At best it was a refusal by defendant to modify the lease in order to get the repairs. He did in fact remain eight months after the year expired without any other arrangement except the rental of a garage at an additional five dollars a month. When defendant's wife was called in rebuttal, her counsel asked her: "And was it at that time you told him you couldn't stay another year?" to which she responded: "Yes." In our opinion this question amounted to a mere fixing of the time when she had had the conversation which she had previously related and did not assume to change the tenor of it. Even if this leading question and answer be given its broadest significance, it is still not a notice of intention to vacate at the

end of the first year. Nor is it sufficient to modify the terms of the lease within the rule laid down in John A. Stees Co. v. Willis, 151 Minn. 192-194, 186 N. W. 391, and N. W. F. & M. Ins. Co. v. Conn. F. Ins. Co. 105 Minn. 483, 117 N. W. 825. The court did not err in directing a verdict.

The order appealed from is affirmed.