# BASHAW BROTHERS COMPANY v. CITY MARKET COMPANY.[1]

December 30, 1932.

No. 28,924.

Rollo N. Chaffee, for appellant.
Courtney & Courtney, for respondent.

WILSON, C. J.

Defendant appealed from an order denying its motion for a new trial.

Defendant operated a meat market with a grocery department. It bought merchandise from plaintiff for which plaintiff sued to recover an alleged balance of $348.10.

[1]Reported in 246 N. W. 358.

The defense was an accord and satisfaction resulting from the use of a check for $136.82 given to plaintiff by defendant with the words "in full up to date" written on the face thereof. In addition to such defense, defendant claimed several credits which were listed on a statement accompanying the remittance of the check on March 13, 1931. Defendant claimed overcharges, inferior goods, etc.

Upon the trial of the case plaintiff conceded the credits for the following items aggregating $92.04, to-wit:

| "Freight on tomatoes | $37.50 |
|---|---|
| Draft exchange | .80 |
| Freight on raisins | 1.30 |
| Freight on prunes and raisins | 14.37 |
| Freight on kraut | 14.30 |
| Freight and overcharges | 14.03 |
| Freight on kraut | 9.74 |
| Total | $92.04" |

Deducting $92.04 from the demand of $348.10 leaves $256.06; and the court directed a verdict for this amount, with interest in the sum of $12.80, amounting to $268.86. The court concluded that plaintiff was entitled as a matter of law to a verdict; and in connection with computing the amount the court said to the jury:

"Very kindly, when counsel saw the situation, the two counsels got together and they figured out the amount, which I have written in here."

Plaintiff's counsel in moving for a directed verdict among other things said:

"The grounds for the motion are that it appears from the evidence that the merchandise in question was sold and delivered by the plaintiff to the defendant, and that the same was accepted by the defendant, irrespective of whether it conformed in all respects with the orders, and such acceptance, under the uniform sales act, binds the defendant to pay the contract price; and plaintiff having conceded all and in fact more than the defendant proved in the way

of deductions for freight and other matters, it leaves the case without a question of fact for determination by the jury, as there is no dispute."

Defendant resisted the claim for a directed verdict on the ground that the check for $136.82 was an accord and satisfaction.

■ On this appeal defendant asserts four or five other alleged claims of credit running from $1.30 to $37.50, but we think the motion of plaintiff's counsel, the failure of defendant's counsel then to question the motion, together with the statement of the court, made in open court without protest, that counsel had agreed upon the amount, is conclusive upon this appeal, and defendant cannot now successfully question the amount. The agreement committed defendant to the amount of the verdict if liability existed after the cashing of the check.

■ Obviously the difference between the check for $136.82 and the amount of the verdict represents the purchase price of merchandise which defendant on the trial claimed was not of the quality and quantity to comply with its contract of purchase. The claim was that it should not pay for these goods because plaintiff's salesman had padded the orders, that duplicate orders were sent without authorization, and that on several occasions goods of an inferior brand were substituted.

When merchandise is thus wrongfully delivered in violation of the order therefor the buyer has definite rights. He could reject the excess or all. He could keep only what he ordered. G. S. 1923 (2 Mason, 1927) § 8418. But when the buyer does an act in relation to such goods which is inconsistent with the ownership of the seller, such as selling the goods, he is deemed to have accepted all of such goods. G. S. 1923 (2 Mason, 1927) § 8422.

Defendant failed to invoke the protection of the uniform sales act as contained in the statutes just cited. This failure on its part resulted in acceptance of the goods as a matter of law; and it follows that it must pay for them.

When defendant sent the check it was justly indebted to plaintiff in the amount of the check plus the amount of the verdict. After

plaintiff received the check it advised defendant that it would not accept the same in full. It held the check until April 9 and then cashed it.

The negotiations originated entirely with defendant. It sent the check so labeled with a statement of its claims. It gave plaintiff no opportunity or option to deny or admit defendant's claims for credit. The check paid what defendant conceded it owed, no more. It seems that defendant then owed for some kraut. The plaintiff did not receive what it claimed to be due. It advised defendant that it would not consent to defendant's proposition. Plaintiff conceded nothing. Defendant conceded nothing. Plaintiff did not get what it had coming. All we have, as stated by the trial court, is "an arbitrary act on defendant's part to reduce the amount of the bill." There was no dispute that plaintiff had coming from defendant the amount of the check. Plaintiff cashed the check after the delay and advice to defendant of its refusal to accede to defendant's terms. The evidence is sufficient to support the conclusion of the trial court that there was no real dispute between the parties as to the amount defendant owed plaintiff when the check was received or cashed.

It is the law that when a check is so labeled the payee as a general rule must either decline the check and return it or accept it with the condition attached. Beck Elec. Const. Co. v. National Contracting Co. 143 Minn. 190, 173 N. W. 413. But in that case there was a bona fide dispute as to the amount due. The case involved mutual concessions.

In La Moure Co. v. Cuyuna-Mille Lacs I. Co. 147 Minn. 433, 436, 180 N. W. 540, 541, this court used this language:

"Mutual concessions are usually elements of all accords and compromises. * * * Here the defendant conceded nothing. It merely paid what it admitted it owed.

"Something of value must have been received to which the creditor had no previous right. * * * There was nothing received by plaintiffs to which they had no right.

"Payment of a part of a debt will not discharge the whole without an agreement to release the balance and an acceptance of the payment as an accord and satisfaction. * * * In the present case there was no acceptance of the checks as a satisfaction of plaintiff's claim.

"The mere retention of money which one of the parties was entitled to receive unconditionally does not amount to a compromise and settlement, even though the money is paid or tendered in full satisfaction of the claim. * * *

"There must have been a bona fide dispute between the parties."

Upon the facts in the instant case the law of the La Moure case, 147 Minn. 433, 180 N. W. 540, applies and controls.

Affirmed.