## P. H. DWYER v. ILLINOIS OIL COMPANY.[1]

February 2, 1934.

No. 29,630.

[1]Reported in 252 N. W. 837.

*L. P. Johnson,* for appellant.

*C. A. Johnson,* for respondent.

*DEVANEY, Chief Justice.*

On or about July 7, 1930, plaintiff, Dwyer, and defendant, Illinois Oil Company, entered into a written contract by the terms of which plaintiff agreed to sell defendant company's gasolene, kerosene, and other oil products in the city of Mankato, Minnesota. Under the contract plaintiff was to receive a stipulated commission of two cents per gallon for all gasolene sold. It stands admitted that the contract was fully performed and that the plaintiff's commissions were fully paid for approximately two months or until about September 1, 1930. The written contract was formally

canceled June 28, 1932, nearly two years after its execution. Plaintiff alleges that after January 1, 1931, and up until the formal cancelation of the contract defendant failed to pay him the full commission as provided therein, to his damage $1,415.31. He does not seek recovery for any unpaid commissions from September 1, 1930, to January 1, 1931. Defendant admits the execution of the original written contract but alleges that about two months later, approximately September 1, 1930, the same was modified by a parol agreement between the parties so that plaintiff was thereafter to get only one cent commission per gallon on certain of the gasolene which he sold. Defendant also alleges that from time to time until the contract was formally canceled further parol agreements were made varying the amount of commissions which plaintiff was to receive. It is admitted that from September 1, 1930, until the termination of the contract more than a year and a half later defendant did not pay plaintiff the full commission as per the original agreement, but paid him a reduced amount. It is further admitted that for this period of time plaintiff received from defendant weekly checks for this reduced amount, each of which stated that it was offered "in full settlement" of the commission account for that particular week, and that he cashed the same and kept the money. The case was tried before a jury, who found for plaintiff in the sum asked. From a denial of its motion for judgment notwithstanding or for a new trial defendant appeals.

The questions here presented are:

(1) Did the trial court err in instructing the jury that a parol modification of a written contract must be proved by clear and convincing evidence?

(2) Did the trial court err in not instructing the jury that a parol modification of a written contract may be effected by the acts and conduct of the parties as well as by express verbal agreement?

(3) Was the evidence such as to warrant the direction of a verdict for defendant and thus such as to require a ruling as a matter of law that the written contract was modified by a subsequent parol agreement?

(4) Did plaintiff's acceptance of the weekly checks for the reduced amount marked "in full settlement" constitute an accord and satisfaction?

■ The trial court did not err in instructing the jury that a parol modification of a written contract must be proved by clear and convincing evidence. This court has held that to be justified in setting aside a written contract and holding it as abandoned or substituted by a subsequent parol contract at variance with its written terms the evidence must be clear and convincing. John A. Stees Co. v. Willis, 151 Minn. 192, 194, 186 N. W. 391; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1777. It was not error therefore for the trial court to refuse to instruct the jury as requested by defendant that merely a fair preponderance of the evidence was sufficient.

■ In view of the fact that there was no request from counsel for such an instruction, it was not error for the trial court to omit to instruct the jury that the mutual assent necessary to a parol modification of a written contract could be expressed by the acts and conduct of the parties as well as by verbal agreement. The law is well settled that assent to an offer to modify, to rescind, or to alter a written contract may be evinced by the conduct and acts of the offeree as well as by express verbal agreement. The law is equally well settled, however, that failure to charge on any certain point of law is not error generally in the absence of a timely request therefor from counsel.

"It is well settled that the failure of the court to charge on a particular point is not ground for a new trial in the absence of a request for an instruction covering it." Parker v. Fryberger, 165 Minn. 374, 377, 206 N. W. 716, 717.

"No requests to charge were made, and no exceptions were taken to the charge given. The jury was bound to accept the law as given them by the court and, by not objecting to the charge, the defendant consented that the issues be determined in accordance with the law as given in the charge." Cowing v. Cowing, 161 Minn.

533, 201 N. W. 936, 937. See numerous cases cited in 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7179, n. 46.

We can find in the record no request on defendant's part for an instruction concerning the point in question. Therefore the failure of the court to instruct on this precise rule of law is not reversible error.

■ Defendant assigns as error the court's failure to direct a verdict in its favor. This was not error, for in our view it cannot be held as a matter of law that the original written contract was modified by a subsequent parol agreement. Defendant's witnesses testified that plaintiff agreed to a modification of the original written contract. Plaintiff flatly denied this. Further, there was respectable and persuasive evidence to the effect that plaintiff had registered complaints with defendant concerning the reduced commissions, and it stands admitted that he refused to sign a written contract submitted to him by defendant providing for the reduced commissions. Plaintiff's acts subsequent to the date of the alleged modification might properly be shown as evidence of acquiescence in the allegedly modified contract. All in all, it quite properly was a fact question for the jury as to whether or not the original contract had been subsequently modified. Defendant was not entitled to the direction of a verdict in its favor.

■ Whether or not plaintiff, having accepted weekly checks for the reduced commissions marked "in full settlement," can recover the difference between the amount so received and the amount specified in the original written contract presents an interesting question. We are assuming that this question is properly raised by this appeal. We believe, however, that plaintiff is not precluded from recovering the amount here sought. Many, if not all, of the weekly checks which plaintiff received and cashed contained the following on the back:

"VOUCHER CHECK

In full settlement of following items:

| Date | Details | Amount |
|------|---------|--------|
| [Date for particular week] | Commission | [Amount of check]" |

Defendant claims that the acceptance of these checks amounted to an accord and satisfaction. Under the decisions of this court, where one party accepts a check from another for an amount less than what he claims is due him, and cashes it, at least three elements must be present before there can be a valid accord and satisfaction: (a) The check must be offered in full settlement, Hillestad v. Lee, 91 Minn. 335, 97 N. W. 1055; (b) of an unliquidated claim concerning which there is a *bona fide* dispute, Thompson Yards, Inc. v. Jastrow, 163 Minn. 329, 203 N. W. 960; (c) for a sufficient consideration, i. e. each party must make a concession to the other or give up some right to which he asserts a *bona fide* claim, C. W. La Moure Co. v. Cuyuna-Mille Lacs I. Co. 147 Minn. 433, 180 N. W. 540; Bashaw Bros. Co. v. City Market Co. 187 Minn. 548, 246 N. W. 358. Consideration follows as a matter of course from the settlement of an unliquidated claim and mutual concessions. Addison Miller, Inc. v. American Cent. Ins. Co. 189 Minn. 336, 249 N. W. 795, 799. But where the dispute is over which of two fixed sums represents the debt and the party offering a check in full settlement thereof tenders no more than the smaller amount, which he admits is due, such party has made no concession and there is no consideration for the alleged accord and satisfaction. Thereupon the offeree is at liberty to accept the tendered check even though offered in full satisfaction of the claim. See 9 Minn. L. Rev. 458, 460. What has so far been said disposes of the case at bar, for here the debt was either one of two fixed amounts, depending upon whether or not the contract had been modified, and defendant here paid plaintiff no more than it admitted was due under the modified contract, namely, the smaller amount. As in the case of C. W. La Moure Co. v. Cuyuna-Mille Lacs I. Co. 147 Minn. 433, 180 N. W. 540, defendant here conceded nothing. It merely paid what it admitted it owed. There was, therefore, no concession made by defendant and no detriment suffered by it.

From the foregoing we conclude (1 and 2) that there was no error in the trial court's instructions; (3) that defendant was not entitled to a directed verdict, and (4) that there was here no accord and satisfaction.

Order affirmed.