## BUTTERICK PUBLISHING COMPANY v. WALTER E. JOHNSON AND ANOTHER.[1]

December 3, 1937.

No. 31,470.

*A. B. Childress,* for appellant.
*Burton R. Sawyer* and *James O. Caulfield,* for respondents.

STONE, JUSTICE.

After judgment for defendants, on a verdict for two dollars on a counterclaim, plaintiff appeals from the judgment.

[1]Reported in 276 N. W. 277.

In 1926 defendants became agents of plaintiff, under a written contract, for sale of patterns for feminine apparel. Thereunder defendants purchased a substantial stock from plaintiff. January 17, 1928, a new agreement for five years, expiring January 17, 1933, was consummated. It increased defendants' stock and also provided in substance that during 30 days following the completion of the five years, either party might terminate the contract on six months' written notice. Within one week before or after said expiration, all patterns remaining in defendants' stock were to be delivered by them to plaintiff's home office in New York. One-half the cost was to be refunded to defendants within 30 days thereafter.

In January, 1933, plaintiff's representative called on defendants. During the interview, as testified by defendant Kump, defendants notified the agent that they would not renew the contract. It was then agreed, so defendants' testimony is, that they were not to ship the remaining stock of patterns to New York, as provided by the contract, but defendants were to keep possession, subject to plaintiff's instructions and pending its selection of another sales agent. Possible shipment to the Twin Cities was contemplated. So Kump testified. There is nothing more in the facts of present relevance except that plaintiff never gave defendants any directions as to the disposition of the stock.

Plaintiff sued for an admitted balance of $278.69. Defendants prevailed below on their counterclaim for one-half the cost of the returned patterns, which was promised them by the contract. The one issue presented by the argument as now determinative is whether, by what took place between defendants and plaintiff's representative in January, 1933, a parol modification of the written contract was effected relieving defendants from obligation to ship the goods to New York.

No claim is made that plaintiff's representative lacked the authority, which, by his conduct, he professed to have. So the only question is the sufficiency of defendants' evidence. It sustains the verdict. True, "a parol modification of a written contract must be proved by clear and convincing evidence." Dwyer v. Illinois Oil Co. 190 Minn. 616, 619, 252 N. W. 837, 838. But defendants' evi-

dence was both unequivocal and uncontradicted. Intrinsically, it was neither improbable nor incredible. It convinced the jury and stands the test of "clear and convincing" proof, which has to do with the character of the testimony itself and not the number of witnesses from whom it comes. Compare Benson v. Northland Transportation Co. 200 Minn. 445, 274 N. W. 532. In contrast is Slawson v. Northern States Power Co. 201 Minn. 313, 276 N. W. 275, where the evidence of modification was, as matter of law, held insufficient and not clear and convincing, because it was equivocal and had other frailties not present here.

Affirmed.