## HORACE F. DAVIS AND ANOTHER v. NEWCOMBE OIL COMPANY.[1]

July 29, 1938.

No. 31,536.

*John M. Gannon,* for appellant.

*Naughtin & Henley,* for respondents.

GALLAGHER, CHIEF JUSTICE.

Appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

The following are the material facts: Plaintiffs, husband and wife, owned two lots in Chisholm, Minnesota. On May 18, 1932, they entered into a written agreement with Mesaba Gas Pool, Inc., defendant's predecessor, to lease said property to that company for oil station purposes for a period of five years at a rental of "One Dollar ($1.00) per month, plus one cent per gallon on each gallon of gasolene purchased during the month over one hundred gallons, payable by check delivered or mailed to the first parties, their personal representatives or assigns, on or before the 15th of the month following." The lease contained a ten-year renewal privilege as well as other provisions not material to this controversy.

On the same date and as a part of the same transaction, Horace F. Davis, one of the plaintiffs, entered into a written contract to act as agent for the company in selling at retail its petroleum products at the station. According to the terms of this contract, hereinafter referred to as the agency contract, the company agreed to place Davis in physical control of the premises and from time to time supply him with the refined products of petroleum and other commodities dealt in by it and to pay him therefor, as *compensation,* at the time of delivery, "the going rate of discount as in effect by the Standard Oil Company of Indiana on the date of delivery at Chisholm, Minnesota." This contract also contained other provisions not material to the issues involved herein.

A third agreement entered into at the same time provided that the Mesaba Gas Pool, Inc. construct and equip a station on plaintiffs' premises at a cost of $4,750. Plaintiffs agreed to execute a

mortgage on the property to defendant to secure the repayment of the money so advanced. This mortgage was executed in accordance with the agreement and later assigned by defendant to the First National Bank of Hibbing.

It is conceded that all payments for rentals and commissions due plaintiffs, or either of them, and accruing prior to March 1, 1934, were made in accordance with the terms of the contract. Subsequent to that date defendant refused to pay the one cent per gallon rental provided for in the lease, and allowed plaintiff Horace F. Davis the rate of discount allowed by the Standard Oil Company under its lease and agency contracts, which was four cents per gallon between March 1, 1934, and December 1, 1934, and three and one-half cents per gallon thereafter. That discount included one-half cent per gallon rental in cases where stations were operated under a lease and agency arrangement. Defendant bases its right to do so on the provisions in the agency contract fixing Davis' compensation "at the going rate of discount as in effect by the Standard Oil Company of Indiana on the date of delivery at Chisholm, Minnesota."

It is undisputed that some time prior to March 1, 1934, defendant notified Davis of a change in policy of the Standard Oil Company whereby that company was to include rental in the discount allowed on its lease and agency contracts and advised him that after March 1, 1934, it would refuse to pay the one cent per gallon rental but would insist on the rental being included in the discount so allowed. Thereafter defendant made adjustments with Davis on that basis until December 17, 1936, when he refused to accept a delivery of gasolene, and business relations between the parties terminated.

Two suits followed, one to recover the rental of one cent per gallon on 204,743 gallons, the amount of gasolene admittedly sold during the disputed period, the other to recover one cent per gallon commission on the gasolene sold during the same period. It is not contended that recovery may be had in both actions, but the two actions were commenced because of some doubt as to which was the proper one. By consent the cases were tried together, and a

verdict was returned in plaintiffs' favor in the rental action for $2,047.43, the amount claimed therein.

■ It is the contention of defendant that its motion for judgment should have been granted because it appears as a matter of law that the contract between the parties was performed in accordance with its terms. The trial court submitted to the jury the contentions of the parties with reference to the meaning of the contract upon the theory that it was indefinite and ambiguous and required interpretation. The jury accepted plaintiffs' version as to its meaning. It is our opinion that defendant was in no way prejudiced by submitting that issue to the jury or by its determination thereof. Nor do we believe that the contracts, considered together as they were, are so indefinite or ambiguous as to permit of more than one construction. The lease definitely fixes the terms of rental at one dollar per month and one cent per gallon on every gallon purchased each month over 100 gallons. The agency contract specifically provides that the discount to be allowed is for *compensation*. Neither contract contains any provision indicating an intention of the parties to apply the Standard Oil rate of discount to rental or to anything other than compensation as provided therein. The contracts should be so construed as a matter of law. In view of the conclusion reached by the jury, no harm resulted from submitting that issue to it. This being so, the question of practical construction does not enter into the case. That question becomes involved only when the meaning of a contract is doubtful or susceptible of two constructions. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 1820. The contract involved herein is susceptible of only one construction, that is, that the rate of discount of the Standard Oil Company applies only to the compensation to be paid Davis and does not permit cancellation of the provision in the lease pertaining to the payment of rental. It may be that under a mistake of law or fact defendant has overpaid Davis on commissions, but under the pleading and proof that question is not before the court for decision.

■ It is urged that plaintiffs by their conduct in continuing to do business with defendant for a period of about two and one-half

years after being advised of its claims, concerning the effect of the contracts and accepting settlements based upon defendant's construction thereof, and acquiescing therein, waived their right to assert a claim for rental and are now estopped therefrom. The original answer alleged full compliance with the contract, but at the close of plaintiffs' case defendant amended its answer so as to plead waiver as a defense.

Davis admits that defendant, prior to March 1, 1934, advised him of its position with reference to the construction of the contract and admits that he continued business relations with full knowledge thereof. On one occasion he executed a receipt showing full payment of rent and commission, and on others he accepted and cashed checks issued to him in payment of the account under the contract. Some of the checks bore notations that they were given in payment of the account including rentals and commissions.

Davis contends, however, that he repeatedly complained to defendant about not being paid the full amount due him and demanded additional sums. He gives as an excuse for not sooner asserting his claim the fact that defendant had a lease and also a mortgage on the premises and that he feared eviction.

Waiver is a voluntary relinquishment of a known right. It is the result of an intentional relinquishment of a known right or an estoppel from enforcing it. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 10134; Hohag v. Northland Pine Co. 147 Minn. 38, 179 N. W. 485; Farnum v. Peterson-Biddick Co. 182 Minn. 338, 234 N. W. 646. It must be based on full knowledge of the facts. State v. Tupa, 194 Minn. 488, 260 N. W. 875, 99 A. L. R. 147. Both intent and knowledge, actual or constructive, are essential elements. Clark v. Dye, 158 Minn. 217, 197 N. W. 209; Farnum v. Peterson-Biddick Co. *supra.*

We are asked to hold that on the record waiver was shown as a matter of law. We do not believe it was. In the absence of facts creating an estoppel, the court will not declare the waiver of an existing legal right unless the intention to make such waiver is clearly shown. Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496. Estoppel does not enter into the case. One cannot invoke that doc-

trine unless he was ignorant of the true situation when he acted. He cannot claim ignorance when the law charges him with knowledge. C. M. & St. P. Ry. Co. v. Greenberg, 139 Minn. 428, 166 N. W. 1073, L. R. A. 1918D, 158, Ann. Cas. 1918E, 456. Here defendant was aware of the provisions of the contract and of their effect. The fact that it misconstrued them does not avail it.

Plaintiffs' right was a valuable one. To them it meant an income of several thousands of dollars covering a period of years. They should be held to have abandoned it only on a clear showing of an intention to do so. The court properly submitted that question to the jury, and we approve its conclusions.

The earnestness of counsel for appellant in presenting the point prompts us to make special reference to its claim that accepting checks bearing the notations previously referred to in the opinion and executing a receipt in full settlement of rentals and commissions constituted an accord and satisfaction and precludes plaintiffs from recovering the amount now claimed. While such facts constitute strong proof of an intention to waive the claim, they are not conclusive. That question was answered adversely to defendant's present contention by the court in Dwyer v. Illinois Oil Co. 190 Minn. 616, 621, 252 N. W. 837, 839. We quote from the opinion in that case:

"But where the dispute is over which of two fixed sums represents the debt and the party offering a check in full settlement thereof tenders no more than the smaller amount, which he admits is due, such party has made no concession and there is no consideration for the alleged accord and satisfaction. Thereupon the offeree is at liberty to accept the tendered check even though offered in full satisfaction of the claim. See 9 Minn. L. Rev. 458, 460."

Here the only sum offered by defendant was the smaller amount which it conceded it owed.

Our determination as to the legal effect of the contracts in question makes unnecessary any discussion concerning the refusal of the court to give defendant's requested instructions three, four, and five. We also pass defendant's assignments pertaining to the mis-

conduct of plaintiffs' counsel with the observation that the remarks complained of could well have been omitted, but we agree with the trial court that in view of the instructions to the jury they were not sufficiently prejudicial to warrant the granting of a new trial.

Order affirmed.

