GERALD NESS v. LOUIS FISCHER.
OSCAR A. NESS v. SAME.[1]

May 24, 1940.

No. 32,387.

[1]Reported in 292 N. W. 196.

*A. M. Joyce,* for appellant.
*John C. DeCourcy,* for respondent.

HILTON, JUSTICE.

Gerald Ness by his natural guardian commenced an action to recover for a battery, and his father, Oscar A. Ness, sued for the outlay he made for medical expenses. The actions were consolidated, and verdicts for plaintiffs resulted. Defendant moved for judgment notwithstanding or for a new trial. The motions were denied, and defendant appealed.

Defendant owns and operates a golf course where his son William was employed. Over a long period of time he had experienced exasperating difficulty with boys who insisted upon entering the premises in search of golf balls. Gerald, age 17, was one of the offenders, but to what degree is disputed.

One June evening Gerald and two friends entered the grounds and put on swimming suits. They then went into a pond in search of golf balls. Their presence was discovered, and the boys were told to put on their clothes and leave. They began to dress. At this moment William arrived on the scene. Apparently there was some discussion going on between the boys and the others. According to Gerald, William inquired whether or not he was the boy who had been at the course a few days before. While he was answering, "he [William] hit me, just out of a clear sky like that." Gerald claims that he was dressing at the time and had one shoe in his hand when struck.

William testified that some time prior to the meeting at the pond he chased Gerald off the course and the latter had said: "You are not so tough, the next time I see you I will have my gang along." William's version of the event is that when he came to the pond Gerald walked over to him and said that he would go "50-50" on the balls found. William testified that he then told Gerald that he had warned him before to stay out. To this Gerald replied, "Yes, so what?" William told him that he

would have to leave and "gave him a little shove and he turned around and swore at me, and then I hit him, he come at me."

Gerald lost several teeth as a result of the blow.

Fact questions were presented, and unless there was reversible error in some other aspect of the case the determination of the jury is supported by the evidence.

The first assignment of error is that defendant was deprived of a fair trial by certain assertions of plaintiffs' counsel during the course of cross-examination. In the interest of justice, it is said, a new trial should be given. The examination is as follows:

Q. "You [defendant] say you are a deputy sheriff of Dakota county?

A. "That is right.

Q. "And it is your duty to maintain the law?

A. "That is right.

Q. "Then why do you maintain four or five slot machines in your place of business?

A. "We haven't got any.

Mr. Levy: "Objected to as incompetent.

The Court: "It is. Sustained.

A. "You are a liar, too, when you say that.

Q. "I only state what I saw there myself."

Counsel's very general objection was sustained. Defendant himself invited additional colloquy. Under the circumstances, the sustaining of the objection was adequate to cure any prejudice. The jury was duty bound to disregard the statement. In addition, defendant's testimony dealt primarily with matters other than the events at the pond. He was not present there at the time, and his testimony dealt with events which hardly could be disputed. It is not likely that there was any prejudice going to the actual merits.

The next assignment deals with misconduct of counsel and the prevailing parties. Plaintiffs' counsel asked defendant: "I think you stated in your examination at the courthouse in West St. Paul last year, you ordered the boys to stay out of the pond."

This had reference apparently to some criminal proceeding in connection with the battery. The question was asked and answered without objection. Another reference by Gerald to the same matter was not objected to in any way. Assuming the impropriety, to obtain a reversal counsel must protect his client by proper and seasonable objections, followed by an exception if the ruling is adverse or assigned as error in the motion for new trial. Likewise, plaintiffs' counsel made gratuitous statements with reference to Gerald's inability to take examinations for positions which required a good set of teeth. The record discloses that no objection or motion was made to eliminate the particular statement. While we do not approve of an attorney pursuing such a practice, failure to protect the record results in lack of a basis for reversal.

Another assignment deals with the claim that there were excessive damages given under the influence of passion and prejudice. Defendant states:

"It is our claim that plaintiff failed to prove with a sufficient degree of certainty the condition of plaintiff's mouth before and after the injury."

We pass the point whether the assignment is more proper under 2 Mason Minn. St. 1927, § 9325(7), than under subd. 5. See 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7132. An examination of the record establishes that plaintiff's recovery of compensatory damages is sustained by the evidence. The verdict for Gerald was $1,000. Medical testimony was introduced in detail as to the extent of the injury. Considerable testimony was adduced as to the boy's condition after the event. Considering the loss of the teeth and the pain and suffering which have resulted, we cannot set a verdict of this size aside. Gerald testified that he had been to the dentist about a half a year before the accident and stated that, "Whenever I had a cavity I had it filled, I never paid any attention when I went to the dentist, if a tooth ached or something, I would go." While more testimony as to the condition of the teeth prior to the time of the blow would have been helpful,

the evidence, taken as a whole, establishes the damages suffered with a sufficient degree of certainty.

Complaint is made of the charge to the jury. It is claimed that there is prejudice because the trial court failed to charge on several propositions which defendant considers important.

The record shows that defendant did not make any written requests. The court's attention was not directed to the failure to instruct on the points that defendant wished until the motion was made for the new trial. It is the general rule that a failure to charge on a particular point generally is not ground for a new trial in the absence of a timely request from counsel. 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7179, and cases note 46; Dwyer v. Illinois Oil Co. 190 Minn. 616, 252 N. W. 837. We do not think that the charge as given is open to assault now. It appears to be fair and sufficient.

We think that the jury could conclude that the blow was not struck in self-defense but as part of the use of unreasonable force, either in the course of ejecting the boy or as a product of anger. The verdict is supported by the evidence and is not contrary to it or law.

Other claimed grounds for reversal need not be discussed. Counsel has raised some points in the brief which were not presented to the trial court on the motion for a new trial. We have nothing to review as to these, for the trial court never passed upon them. Were they properly here, there would be no basis for a reversal.

With this, disposition of the controlling points has been made. But we feel compelled to observe that appellant has violated rule VIII(3)(c) of this court. Also attention is called to the fact that argument should be in the body of the brief rather than in the portion relating to assignment of errors.

On the merits, there is no basis for reversal. The orders are affirmed.

STONE, JUSTICE (concurring in the result).

With regret, I concur in the result. In the interrogation of defendant, plaintiffs' counsel resorted to flagrant misconduct. It

is only because the then attorney for defendant (there has since been a substitution for him) failed to save the record by proper exception that a new trial is not justified.

As to the amount of the verdict, the fact that the jury may well have considered the case one for punitive damages is enough to justify affirmance.