WASECA MUTUAL INSURANCE CO., Appellant,

v.

Douglas SWANSON, et al., Defendants,

Douglas Hermel, et al., Respondents.

No. C2–86–1728.

Court of Appeals of Minnesota.

April 7, 1987.

Stephen P. Rolfsrud, Blethen, Gage & Krause, Mankato, for appellant.

Robert M. Greising, Waterville, for respondents.

Heard, considered and decided by FORSBERG, P.J., and RANDALL and STONE,* JJ.

## OPINION

RANDALL, Judge.

Respondents Hermels, as sellers on a contract for deed, were parties defendant to an action brought by appellant insurance company. The insurance company wanted to avoid payment on a fire loss to defendants, the Swansons, who were the contract

for deed buyers. Appellant wanted to avoid payment on the grounds of fraud and material misrepresentation. After a jury verdict in appellant's favor, the trial court awarded judgment notwithstanding the verdict in favor of the Swansons in the full amount of the applicable insurance binder limits. That judgment was ultimately satisfied. A few years later, Douglas and Susan Hermel moved for judgment on their counterclaim as mortgagees. The trial court entered another judgment awarding Hermels the outstanding balance on the contract for deed.[1] Appellant brought post trial motions for new trial, JNOV, relief from judgment, and dismissal of the Hermels' counterclaim. The trial court denied the motions, and Waseca Mutual Insurance Company appeals. We reverse.

## FACTS

On October 12, 1979, Douglas and Gladys Swanson entered into a contract for deed with Douglas and Susan Hermel to purchase for $24,000 three acres of land, a dwelling, a barn, tool shops, a garage, and a hen house. The Swansons obtained an insurance binder, issued by Ed Braun on behalf of appellant, in the amount of $40,000. The Hermels were listed as mortgagees on the binder.

On October 15, 1979, the dwelling was destroyed by fire. The Hermels sought to recover for the fire damage. Appellant brought a declaratory judgment action against the Swansons, the Hermels and Braun, seeking to avoid payment under the binder. The thrust of appellant's claim was misrepresentation and fraudulent overvaluation. The Swansons counterclaimed for $40,000, the stated value of the insured building, and for costs and disbursements.

After the jury retired, the court heard evidence on the Hermels' counterclaim for the outstanding balance on the contract for deed and asked the parties to submit letter briefs. Affidavits of attorneys for Hermels and for appellant indicate that no

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

1. Although the Swansons were purchasing the property from the Hermels on a contract for deed, the insurance binder listed Hermels as mortgagees.

briefs were filed because the parties discussed selling the Hermels' claim. However, the agreement was not formalized in writing.

In its special verdict, the jury found Douglas Swanson fraudulently misrepresented to Braun the cost of the building. However, the district court granted the Swansons' motion for directed verdict[2], and on February 12, 1982, by order for judgment, awarded the Swansons $40,000 (the stated value of the building) and costs.

Judgment was entered March 23, 1982, and, pursuant to a stipulation of all parties, was vacated on April 21, 1982, pending trial on Swansons' additional claims for such items as additional living expenses and interest. After a trial, the court denied the Swansons' claim for consequential damages. By order dated October 12, 1982, the district court denied appellant's motions to vacate the post-verdict order and reinstate the jury verdict, and for a new trial. On October 18, 1982, the court entered judgment for the Swansons for $40,000 plus costs and disbursements based on its February 17 order for judgment.

Waseca Mutual Insurance Company appealed from the October order denying its motions for reinstatement of the jury verdict, vacation of post-verdict order for directed verdict, and a new trial, and from the judgment entered October 18. The Hermels received notice of the appeal. The supreme court affirmed the October 12, 1982, order pursuant to Minn.R.Civ.App.P. 136.01(2).

On March 13, 1984, the Swansons executed a satisfaction of judgment in favor of appellant. In April 1986, the Hermels moved for an order for judgment on their counterclaim against appellant for the unpaid balance, plus interest, costs and disbursements. The trial court granted that motion and entered judgment in favor of the Hermels in the amount of $24,434.37. The court denied appellant's subsequent motions for new trial, JNOV, relief from judgment, and dismissal on the Hermels'

counterclaim. Waseca Mutual Insurance Company appeals the denial of its post trial motions.

## ISSUE

Did the trial court err by awarding the Hermels judgment on their claim as vendors on a contract for deed years after having entered judgment in favor of the contract for deed purchasers in the full amount of available insurance?

## ANALYSIS

◼ Waseca Mutual Insurance appeals from the denial of its post trial motions, including motion for new trial and judgment of dismissal. Appellant contends res judicata bars the Hermels' counterclaim because a final judgment, affirmed by the supreme court, disposed of the case. Res judicata serves as a bar to a subsequent suit on the same cause of action. *Roseberg v. Steen*, 363 N.W.2d 102, 105 (Minn.Ct. App.1985) (citing *Howe v. Nelson*, 271 Minn. 296, 301, 135 N.W.2d 687 (1965)).

◼ The Hermels argue their claim is entirely separate from the Swansons' cause of action. However, a judgment is conclusive between parties and those in privity, not only as to matters actually litigated, but also as to other matters that might have been litigated. *Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963), quoting *Veline v. Dahlquist*, 64 Minn. 119, 121, 66 N.W. 141, 142 (1896). The pendency of the Hermels' counterclaim does not necessarily preclude entry of a final judgment. *Cf. Northwestern National Bank v. Shuster*, 388 N.W.2d 370, 373 (Minn.1986) (trial court entered judgment without having set counterclaim for trial).

Here, the Hermels were defendants in the original action. They brought a counterclaim, presented testimony and exhibits to the court, and submitted written argument. After trial, the court entered judgment in favor of the Swansons. The judg-

---

**2.** We recognize the incorrect term was applied to what should have been motion for judgment notwithstanding the verdict (JNOV).

ment did not state that it was not final or that an additional judgment would be entered with respect to the Hermels' counterclaim.[3] Judgment in the amount of the entire binder limits was awarded to the Swansons.

■ At the time judgment was entered, the Hermels could have sought review on the basis that the judgment adversely affected them. Minn.R.Civ.App.P. 106. The Hermels received notice of the appeal of the judgment. When the supreme court affirmed, the judgment became final as to all parties and claims litigated. This includes the Hermels' counterclaim, which was raised and argued below.

The purpose of the doctrine of res judicata is to avoid repetitious trials, to end litigation, to make a final determination of controversies, and to avoid conflicting determination. *Wittenberg v. United States,* 304 F.Supp. 744, 746 (D.Minn.1969). Here appellant satisfied the original judgment. Appellant believed it to be the final adjudication of all claims under the binder. Appellant, after its unsuccessful appeal, paid 100% of its policy limits. More than two years later, the trial court ordered appellant to make an additional payment. This is inconsistent with the 1982 judgment awarding the binder limits to the Swansons.[4]

Appellant had a right to rely on the finality of the original judgment. In bringing the action against Swansons, appellant joined the Hermels specifically to seek a final determination of its obligations on the insurance binder. Appellant cannot now be required to pay out more than the policy limits absent a showing that, as to the Hermels, it is somehow estopped from proving up as a defense its payment to the

Swansons of the entire policy limits pursuant to judgment.

■ Hermels contend that the judgment was not final because the trial court intended to reserve determination of the rights of the parties to the $40,000 binder limits after submission of letter briefs. These briefs were never submitted because the parties were in the process of coming to a settlement agreement. The record and the trial court's findings do not reflect such an agreement or its contents. Where there are no findings and no documentation of a settlement agreement, we cannot consider the agreement on appeal.

When Waseca appealed the trial court's grant of JNOV to the Swansons, the Hermels could have filed a notice of review if they felt their rights were or could be adversely affected. They did not. *See Loram Maintenance of Way v. Consolidated Rail Corp.,* 354 N.W.2d 111 (Minn. Ct.App.1984) (judgment against one defendant was final against codefendant who did not join appeal or file separate notice of appeal).

In addition to res judicata, appellant argues that the Hermels effectively waived their claim by failure to act.

Waiver may be shown by acts and conduct and sometimes by nonaction. It is essentially unilateral and results as a legal consequence from some act or conduct of the party against whom it operates, without any act of the party in whose favor it is made being necessary to complete it. It is a doctrine which applies to all rights and privileges to which a person is legally entitled. Waiver implies relinquishment of a legal position and is effected by the act of waiving

---

**3.** The record is clear that all parties and the court were aware throughout the action of Hermels' position as an unpaid seller on a contract for deed and the amount of their interest.

**4.** Appellant argues that the parties' rights with respect to the binder limits, particularly the Hermels' rights as vendors on a contract for deed, not as mortgagees, were at issue at trial. *See Langhorne v. Capital Fire Insurance Co. of California,* 44 F.Supp 739, 740 (D.Minn.1942) (term "mortgagee" in union mortgage clause. of

fire policy is used in a restrictive sense, and vendor on contract for deed had to claim through insured, the purchaser.) Had the court determined, at that time, that the Hermels had a right to a portion of the proceeds, it may have been improper for the court to award the entire binder limits to the Swansons without making proper provision for the Hermels' interest. *See Hogs Unlimited v. Farm Bureau Mutual Insurance Co.,* 401 N.W.2d 381 (Minn.1987).

or in insisting upon some right, claim, or privilege.

*Anderson v. Twin City Rapid Transit Co.,* 250 Minn. 167, 181–82, 84 N.W.2d 593, 603 (1957). *See also Hohag v. Northland Pine Co.,* 147 Minn. 38, 40, 179 N.W. 485, 486 (1920) (waiver is either the result of an intentional relinquishment of a right or estoppel from enforcing it.)

Appellant filed its notice of appeal on October 19, 1982, and Swansons thereafter filed notice of review of the judgment in favor of appellant on the issue of consequential damages. Under Minn.R.Civ. App.P. 106, Hermels could have sought review of the judgment for Swansons because they may have been adversely affected by it. They were named respondents in the appeal and knew of the judgment shortly after its entry. The supreme court affirmed the trial court on February 22, 1984. The Hermels did not bring the motion on their counterclaim until April 1986. The Hermels failed to act for over three years after entry of judgment without adequate explanation.

■ Appellant contends that the trial court erred when it awarded Hermels judgment of the unpaid balance on the contract for deed over and above the policy limits already paid to the Swansons. We agree. The Hermels have received some contract for deed payments and can still proceed against the Swansons on the contract for deed or cancel the contract.

On this record it was erroneous to require appellant to pay more than the applicable policy limits to both the buyers and the sellers on the contract for deed.

The trial court's lack of findings as to Hermels' interest in the insurance proceeds does not support the trial court's determination that the Hermels were entitled to receive their unpaid balance over and above the applicable policy limits which had been exhausted by full payment to the Swansons.

### DECISION

The trial court erred when it awarded Hermels judgment on their counterclaim for the unpaid balance on a contract for deed when they were parties to an action in which the entire policy limits available were paid to the buyers of their property.

Reversed.